Rema V. Morrison, as Administratrix of the Estate of Kendrick W. Morrison, Deceased, Appellant, *v.* New York Telephone Company et al., Respondents, Impleaded with Another.

Argued March 3, 1938; decided April 12, 1938.

*George A. Garvey, August P. Klein* and *Victor A. Javarone* for appellant. The defendants were both guilty of negligence in permitting a condition inherently dangerous to exist. (*Horning* v. *Hudson River Tel. Co.*, 111 App. Div. 122; 186 N. Y. 552; *Burrows* v. *Livingston-Niagara Power Co.*, 217 App. Div. 206; 244 N. Y. 548; *Braun* v. *Buffalo General Electric Co.*, 200 N. Y. 484; *Skzypek* v. *Long Island R. R. Co.*, 245 App. Div. 309; *Constantino* v. *Watson Contracting Co.*, 219 N. Y. 443; *Ehret* v. *Village of Scarsdale*, 269 N. Y. 198; *Hynes* v. *N. Y. C. R. R. Co.*, 231 N. Y. 229; *Wittleder* v. *Citizens'*

*Electric Illuminating Co.,* 50 App. Div. 478; *Caglione* v. *Mt. Morris Electric Light Co.,* 56 App. Div. 191; *Ferrari* v. *N. Y. C. R. R. Co.,* 224 App. Div. 182; 250 N. Y. 527; *Grant* v. *Utica Gas & Electric Co.,* 224 App. Div. 223; *Speich* v. *International Ry. Co.,* 219 App. Div. 620.) The intestate was in no way guilty of contributory negligence. (*Foster* v. *Fidelity Safe Deposit Co.,* 264 Mo. 89; *Braun* v. *Buffalo General Electric Co.,* 200 N. Y. 484.)

*Irving W. Young, Jr., N. H. Egleston, Hugh Q. Wells* and *Charles T. Russell* for New York Telephone Company, respondent. The deceased was a trespasser and the telephone company owed him no duty to make its wires and structures safe or to keep them safe for him. (*Troidle* v. *Adirondack Power & Light Corp.,* 252 N. Y. 483; *Hickok* v. *Auburn Light, Heat & Power Co.,* 200 N. Y. 464; *Heskell* v. *Auburn Light, Heat & Power Co.,* 209 N. Y. 86; *Lamore* v. *Crown Point Iron Co.,* 101 N. Y. 391; *Counias* v. *Thomas,* 247 App. Div. 117.) The telephone company did not abandon its wires or other property. (*Graham* v. *Purcell,* 126 App. Div. 407; *Foulke* v. *N. Y. Consolidated R. R. Co.,* 228 N. Y. 269; *Matter of Hess,* 143 Misc. Rep. 335; *Matter of City of New York [Realty Associates],* 256 N. Y. 217.) It was not reasonably foreseeable that the telephone company's drop wire might become a dangerous instrumentality even as to a trespasser. (*Earley* v. *New York Tel. Co.,* 263 N. Y. 424; *Adams* v. *Bullock,* 227 N. Y. 208; *Lyman* v. *Putnam Coal & Ice Co.,* 182 App. Div. 705; 230 N. Y. 548; *Wilks* v. *New York Tel. Co.,* 243 N. Y. 351; *Coons* v. *New York Tel. Co.,* 249 N. Y. 42; *Brown* v. *American Mfg. Co.,* 209 App. Div. 621.) Appellant's intestate was guilty of contributory negligence fatal to any recovery. (*Linzey* v. *American Ice Co.,* 131 App. Div. 333; 197 N. Y. 605; *McFarland* v. *City of Niagara Falls,* 247 N. Y. 340; *Butterfield* v. *Forrester,* 11 East, 60.)

Robert H. Elder, Otho S. Bowling and Ralph Hastings for Village of Tupper Lake, respondent. The village was guilty of no negligence. (*Palsgraf* v. *L. I. R. R. Co.*, 248 N. Y. 339; *Lane* v. *City of Buffalo*, 232 App. Div. 334; *Polemenakos* v. *Cohen*, 234 App. Div. 563; *Van Leet* v. *Kilmer*, 252 N. Y. 454; *Troidle* v. *Adirondack P. & L. Corp.*, 252 N. Y. 483; *O' Neill* v. *City of Port Jervis*, 253 N. Y. 423; *Ehret* v. *Village of Scarsdale*, 269 N. Y. 198; *Demjanik* v. *Kultau*, 242 App. Div. 255; *Srogi* v. *N. Y. C. R. R. Co.*, 247 App. Div. 95.)

HUBBS, J. This action is to recover for negligently causing the death of the appellant's intestate by electrocution. The defendant Big Wolf Corporation owned a tract of land in the Adirondack Mountains which it purchased from Ferris J. Meigs who excepted from the grant thirty-one acres. On that thirty-one acres one Stout had a cottage on a lot, the record title of which was at the time in Meigs. The Big Wolf Corporation erected five poles on a spur power line about 650 feet long, extending from the main line of the village of Tupper Lake and the telephone company to the Stout cottage, part of which poles were on Meigs property and the last one on the Stout lot. Under an agreement with Meigs made prior to the sale of land by him to the Big Wolf Corporation, the defendant village furnished electricity for light and power to the Stout cottage through a 2,200 volt line carried on the poles of the spur line. On the pole situate on the Stout lot it placed a transformer. The defendant telephone company entered into an agreement with the village and Big Wolf Corporation under which it used for its telephone line the same poles in the highway and on the land owned by Big Wolf Corporation used by the village for transmission of power. The telephone company also used poles on the Meigs property which carried the village power line, though it appears to have had no written agreement with him individually.

Previous to the accident here in question no telephone had been installed in the Stout property but several years

before the accident the telephone company had placed bare wires under the power line wires on the spur line of poles, evidently expecting the occupants of the Stout cottage would install a telephone. The telephone line placed on the spur line of poles was not connected to the main line of the telephone company. Had it been, the instruments in the office of the telephone company would have indicated any contact of the telephone line with the power line. On the pole on the Stout lot, the telephone company attached an insulated drop line seventy-five feet long which it caused to be coiled up and tied to the pole with wire and which one of the telephone company's witnesses testified was twelve or fourteen feet above the ground. Three weeks before the accident here in question, Stout and an employee had noticed that the pole on the Stout property had tipped over loosening the power wires where attached to the pump house and they had straightened it up and braced it. The employee who helped in doing that testified that the coiled drop wire belonging to the telephone company was then on the pole not twelve or fourteen feet above the ground but down within the reach of a man standing on the ground.

Appellant's intestate was employed by a tenant of the Stout cottage. He and another man were fixing a swing and wire was needed to strengthen it. He left to get it and eight or ten minutes later was found at the base of the pole tangled up in the insulated drop wire with a pair of scissors in his hand. About nine feet from the end of the drop wire there was a burned place indicating that the insulation may have been cut with the scissors. Upon investigation, it was found that a limb had broken down and rested on the high voltage electric line, that the insulation on the high voltage line had been worn through and that the bare telephone wire was in contact with it. The limb was still attached to the tree but the leaves had turned brown.

The question of the negligence of the telephone company and the village was submitted to the jury as well as the question of contributory negligence on the part of the plaintiff's intestate and a verdict was found against both defendants. The Appellate Division, one justice dissenting, reversed and dismissed the complaint as to both defendants on the ground that there was no proof of actionable negligence on the part of either.

It is contended particularly on the part of the defendant telephone company that the deceased was, as to it, a trespasser, because he was seeking to appropriate its property. Appellant contends that the wire which deceased was probably seeking to secure was apparently abandoned property and that, therefore, he was not a trespasser. The question of abandonment cannot be seriously considered, as the proof was not direct and did not affirmatively or reasonably lead to the exclusive inference of a throwing away. (*Foulke* v. *New York Consolidated R. R. Co.*, 228 N. Y. 269.)

We need not, however, assume that the deceased was engaged in the commission of a crime. In the remote section where the property was located, the telephone company may be presumed to have reasonably anticipated that one wanting a loose piece of wire would be likely to take it where he could find it, particularly if it were upon the premises. Even as against a trespasser, some care is to be exercised.

" The duty of care, which the law imposes upon those who undertake to operate so dangerous a force as electricity, may, under some circumstances, be due to one who, technically, is a trespasser. In such a case as this one, its special facts are for consideration, and upon them, and not solely with reference to the ownership or occupancy of the *locus in quo*, the question of duty must be determined." (*Newark Electric Light & Power Co.* v. *Garden*, 78 Fed. Rep. 74, 77; writ of certiorari denied, 166 U. S. 722.)

It must be borne in mind that the deceased was not a trespasser upon the Stout property upon which the pole stood and that the telephone company was not maintaining the line as a service line. It does not appear that it was ever requested to place it there. In fact there is affirmative proof that it was not requested so to do.

The telephone company, so far as the record discloses, strung its wires on the pole on the Stout cottage lot without any written agreement with the owner of the land permitting it to do so. From all that appears, it had no contract right to leave its wires upon the pole situate upon the cottage lot although it seems to have been assumed that it had at least an oral license. In some respects the situation of the telephone company is similar to that of the defendant in the case of *Wittleder* v. *Citizens Electric Illuminating Co.* (47 App. Div. 410, 413). In that case it appeared that the plaintiff, a boy, was injured by an electric wire attached to a railroad structure. The court said: " For all that appears, the defendant was just as much a trespasser on the railroad structure as, according to its claims, the boy was. At any rate the defendant is not in a position to defeat the action on the ground referred to," that is, that the boy was a trespasser.

Negligence on the part of the telephone company, if any, must rest on the fact that it maintained a line disconnected from its system, so that notice of a short would not appear on its office instruments, that it left a drop line which the jury might have found was within reach of a man on the ground, that it failed to inspect, and failed to trim trees which it had specifically contracted at least with Big Wolf Corporation for the right to do, and further that it placed its bare wires beneath high tension electric wires which afforded opportunity for its bare wires to become charged with high voltage in the event of a contact with the high tension line. It is upon proof of all these facts that it was left to the jury to say whether the telephone company was negligent. We have reached the

conclusion that it has not been properly determined by the Appellate Division that, as a matter of law, there was no proof of actionable negligence on its part.

This is not such a situation as was presented in *Adams* v. *Bullock* (227 N. Y. 208, 209) and in *Troidle* v. *Adirondack Power & Light Corp.* (252 N. Y. 483), in each of which cases the injured party brought a wire into contact with what was known to be a high voltage line, out of reach except for the act of making the contact. This case is more like *Burrows* v. *Livingston-Niagara Power Co.* (217 App. Div. 206; affd., 244 N. Y. 548), which states the applicable rule where the injured person is not a trespasser and points out the distinction to be observed between the several cases upon the subject. Having reached the conclusion that the defendant telephone company was not absolved from liability upon the ground that the deceased was a trespasser, it follows that as to the telephone company the judgment appealed from should be reversed.

The case against the defendant village presents a different situation. It did not leave for years a disconnected line not in use. Its line on the spur was in use. It supplied electricity to the cottage. There is no evidence tending to establish that its line was not properly constructed and maintained. On this record the only possible ground of negligence against it is its failure to inspect the line on the spur and discover the fact that a fallen limb of a tree rested on it. There is no evidence which establishes when the limb came into contact with the line. Neither is there evidence that there was in common use an instrument which could have been installed in the power house that would have indicated the contact. It must be borne in mind that the power line was located in the mountains, in a remote, sparsely inhabited section. We believe it would be imposing too harsh a rule of conduct to permit a recovery because the village failed to inspect the line during the few days that the limb may be presumed to have rested thereon.

The court in the charge to the jury stated that there could be no recovery if the deceased was a trespasser; also that he was a trespasser unless the telephone wire had been abandoned. As the law of abandonment was improperly charged, it is necessary to grant a new trial as to the telephone company.

The judgment of the Appellate Division as to the Village of Tupper Lake should be affirmed, with costs, and the judgment of the Appellate Division and that of the Trial Term as to the New York Telephone Company should be reversed and a new trial granted, with costs to abide the event.

CRANE, Ch. J., LEHMAN, O'BRIEN, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgment accordingly.