facts, without costs, and judgment providing that the real estate be freed of the lien of the mortgage and that the mortgage instrument be satisfied and discharged of record, directed in favor of appellant, without costs. Inconsistent findings and conclusions stated informally at Special Term are reversed and new findings will be made. The mortgagees agreed to deliver the fee free and clear of incumbrances, which inevitably implies the satisfaction, cancellation, and discharge of the mortgage lien and indebtedness. The evidence establishes that the signer of the written agreement acted on behalf of both mortgagees. Neither the execution nor the sufficiency of the agreement is attacked. The purchaser performed, and full performance must be decreed. Lewis, P. J., Carswell, Johnston, Adel and Sneed, JJ., concur. Settle order on notice.

In the Matter of the Plan of Readjustment of the Rights of Holders of Investments in a Mortgage Covering 39–49 TURNER PLACE, BOROUGH OF BROOKLYN, Guaranteed by Bond and Mortgage Guarantee Company. (Guarantee No. 180,527.) MOLLIE K. PEARLMAN et al., Appellants; MANUFACTURERS TRUST COMPANY, as Trustee, et al., Respondents.— In a proceeding by the trustee of a certificated mortgage, for instructions regarding the sale of the mortgage security, order directing a sale at 90% of the unpaid principal of the mortgage indebtedness, against the opposition of some certificate holders, affirmed, without costs. No opinion. Lewis, P. J., Johnston, Adel, Sneed and Wenzel, JJ., concur.

STANLEY H. JANECZKO et al., Respondents, v. CITY OF NEW YORK, Appellant.— In an action to recover damages for personal injuries and property damage arising out of a collision between a bus owned by defendant and an automobile operated by plaintiff Janeczko and owned by plaintiff Sankowsky, defendant appeals from a judgment in favor of plaintiffs entered on a jury verdict in their favor in the sums of $50,000 and $535 respectively. Judgment, insofar as it is in favor of respondent Sankowsky, unanimously affirmed, without costs. No opinion. Judgment, insofar as it is in favor of respondent Janeczko, reversed on the facts, the actions severed, and a new trial granted, with costs to appellant to abide the event, unless within ten days after the entry of the order hereon said respondent stipulate to reduce the amount of the verdict to $35,000, in which event the judgment, as so reduced, is unanimously affirmed, without costs. In our opinion, as to respondent Janeczko the verdict was excessive. Lewis, P. J., Carswell, Johnston, Adel and Wenzel, JJ., concur.

ROSE KARPEL, Plaintiff, v. ALFRED S. ROBERTS, Appellant. HAZEL A. FRANCISCO et al., Respondents, v. ALFRED S. ROBERTS, Appellant, et al., Defendants.— Appeal from so much of an order consolidating actions as transfers the consolidated action from Queens County to Kings County. Order modified on the law and the facts by striking therefrom the provisions transferring the action to Kings County and inserting in place thereof a provision directing the trial of the consolidated action to be had in Queens County. As thus modified, the order, insofar as appealed from, is affirmed, without costs. Transferring the trial of the action to Kings County was an improvident exercise of discretion in view of the calendar conditions in the respective counties and the fact that the Queens County action was first begun. (Funk v. Nelson, 264 App. Div. 876; Gibbs v. Sokol, 216 App. Div. 260; 3 Carmody on New York Pleading and Practice, § 859, p. 1638.) Lewis, P. J., Carswell, Johnston, Adel and Wenzel, JJ., concur.

LANSING H. KEELER, as Administrator of the Estate of LANSING J. KEELER, Deceased, Appellant, v. LONG ISLAND RAIL ROAD COMPANY, Respondent.—