Per Curiam.

The action is to recover for the alleged wrongful death of a seven-year-old boy. The complaint alleges that the boy was electrocuted by coming in contact with high voltage electrical apparatus maintained by the defendant. The complaint alleges that the apparatus was inherently dangerous in character and was inadequately and negligently maintained and enclosed in the immediate vicinity of an area where young children were in the habit of playing and that the defendant had knowledge either actual or constructive of the fact that immature persons were accustomed to be in that area. The answer is a general denial. It may reasonably be inferred that the boy was not an invitee. The complaint was dismissed upon the plaintiff’s opening.
Under the rule laid down in Hoffman House v. Foote (172 N. Y. 348), a dismissal upon the opening is difficult to sustain. *239 Every material fact in issue must be resolved or found in favor of the plaintiff. The question becomes one of whether the complaint states a cause of action. We think it does. Assuming for the purpose of the motion that the apparatus was inherently dangerous, that it was improperly and negligently protected as to immature children who played nearby and whose presence was known or should have been known to the defendant, the complaint is not insufficient even if the boy was a trespasser. “ The fact that the boys may have been trespassers on the fairgrounds is immaterial, since there was sufficient evidence that the article which caused the injury was ‘ inherently dangerous ’. * * *
The degree of care required is commensurate with the risk involved, depending upon such circumstances as the ‘ dangerous character of the material ’ and its accessibility to others, particularly children whose presence should have been anticipated, regardless of whether or not they are trespassers.” (Kingsland v. Erie Co. Agricultural Soc., 298 N. Y. 409, 423-424.) (See, also, Morrison v. New York Telephone Co., 277 N. Y. 444, 449.) The opinion there cited Newark Electric Light & Power Co. v. Garden (78 F. 74, 77, writ of certiorari denied, 166 U. S. 722) where the court said: “ The duty of care, which the law imposes upon those who undertake to operate so dangerous a force as electricity, may, under some circumstances, be due to one who, technically, is a trespasser. In such a case as this one, its special facts are for consideration, and upon them, and not solely with reference to the ownership or occupancy of the locus in quo, the question of duty must be determined. ’ ’
We are óf the opinion that to dismiss the complaint upon the opening was error and that the judgment should be reversed on the law and a new trial ordered, with costs to the appellant to abide the event. Whether the plaintiff can prove his cause of action is not before us.
All concur. Present — Taylob, P. J., McCtjbn, Love, Vaughan and Kimball, JJ.
Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event.
1