KENNETH E. FRANKLIN, as Guardian ad Litem for DENNIS E. FRANKLIN, an Infant, Appellant v. STATE OF NEW YORK, Respondent. (Claim No. 30510.) — Judgment affirmed, without costs of this appeal to either party. All concur. Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

KENNETH E. FRANKLIN, as Administrator of the Estate of DALE A. FRANKLIN, Deceased, an Infant, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 30511.) — Judgment affirmed, without costs of this appeal to either party. All concur. Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

KENNETH E. FRANKLIN, as Guardian ad Litem for MARLENE R. FRANKLIN, an Infant, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 30512.) — Judgment affirmed, without cost of this appeal to either party. All concur. Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

KENNETH E. FRANKLIN, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 30513.) — Judgment affirmed, without costs of this appeal to either party. All concur. Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

EDWARD J. SMYKE, as Limited Administrator of the Estate of KENNETH R. SMYKE, Deceased, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 30738.) — Judgment reversed on the law and facts, without costs of this appeal to either party and claim dismissed. Certain findings of fact disapproved and reversed and new findings made. Memorandum: Decedent, of the age of three and one-half years, was drowned in the " feeder" at the Caledonia fish hatchery. The body was found at the dam of the " feeder", but there is no proof as to where he fell into the water. The " feeder" flows from the creek on the hatchery grounds a distance of six or seven hundred feet to the dam where the depth of the water is controlled by flashboards. The average depth of the feeder is about four feet. The " feeder" is the sole source of water supply for the hatchery. The fish are in artificial pools having a depth of water of two and one-half feet. It is not the usual custom, usage and practice to fence the pools in fish hatcheries. While it might be held that the State was negligent in failing to place guardrails or a fence along the area where the sidewalk crossed the " feeder" or spillway, there is no proof that the deceased fell or entered the water at that point. The deceased might have entered the water at any place along the " feeder" and the current would have carried him to the dam. The State cannot be charged with the duty of fencing both sides of the feeder for its entire length. The previous drowning at the hatchery was a child of the age of two years in 1932, which accident was in one of the pools having a depth of two and one-half feet and not in the " feeder" or spillway. The State was required to guard against known or foreseeable dangers. It cannot be charged with the duty of foreseeing that a child of the age of decedent would be permitted to enter the hatchery grounds unattended. All the proposed findings of fact and conclusions of law requested by the State should have