■ GERALD P. SCHOLL, an Infant by VIOLA SCHOLL, His Guardian ad Litem, et al., Respondents, v. NEW YORK CENTRAL RAILROAD COMPANY, Appellant.— In an action by an infant to recover damages for personal injuries and by his mother for medical expenses and loss of services, the appeal is from a judgment entered on a jury verdict in their favor, as reduced by consent. Judgment reversed on the law and the facts, without costs, and complaint dismissed. The infant was injured as a consequence of climbing upon a power transmission tower or " pole " and coming in contact with a high voltage wire, strung across the pole, when he reached a point about 18 feet above the ground. The pole was located on the westerly side of appellant's right of way, adjacent to the Bronx River Parkway, and on the opposite side of the tracks from a public playground area towards which the infant was bound before his ascent of the pole. The pole bore the legends " WARNING " and " KEEP OFF ", which the infant, nine and one half years old at the time of his injury, had the ability to read. The proof was clear that there was no established pathway, either across the Parkway or across the railroad tracks, in the area adjacent to the pole involved so as to afford a means of manifest access to the playground. The evidence, therefore, did not present a question for the jury as to whether appellant had acquiesced in the use of its premises by trespassers as a crossing and had defectively maintained such crossing in such condition as to constitute a trap for the unwary (Donnelly v. Long Is. R. R. Co., 252 App. Div. 857; Danna v. Staten Is. Rapid Transit Ry. Co., 252 App. Div. 776, affd. 277 N. Y. 714). The proof was likewise clear that several public thoroughfares were available as means of access to the playground without entry upon appellant's property to cross over the tracks. Appellant may not be cast in damages if the trespasser sustains injury when he deviates from the defined

pathway to a place "where there was no beaten or worn path." (*Keeler* v. *Long Is. R. R. Co.*, 273 App. Div. 896, affd. 299 N. Y. 621.) In addition, there was no showing of facts which spelled out a duty imposed upon appellant to fence in its property from the parkway, along the westerly side of its right of way in the vicinity of the pole (Railroad Law, §§ 52, 52-a, 52-b, 52-c). Even if such duty existed, the lack of a fence was not the proximate cause of the infant's injury on the high-tension pole. In any event, if the infant had safely reached the easterly side of the right of way, to enter into the playground, he would have been obliged to scale the fence there maintained. The infant herein placed himself in a position akin to that of infant trespassers who playfully invaded railroad rights of way and climbed to the tops of standing freight cars where they came in contact with live catenary wires. In such cases it has been held that the happening of the accident could not be deemed within the range of reasonable anticipation on the part of the railroad (*Nilsen* v. *Long Is. R. R. Co.*, 268 App. Div. 782, affd. 295 N. Y. 721), and that the injuries sustained did not flow from any breach of duty owed to such infant trespassers (*Van Houten* v. *Long Is. R. R. Co.*, 279 App. Div. 1099, motion for leave to appeal denied, 280 App. Div. 830, 304 N. Y. 990; *Krowtzoff* v. *Long Is. R. R. Co.*, 242 App. Div. 834, motion for leave to appeal denied, 266 N. Y. 1v; *Van Houten* v. *New York, New Haven & Hartford R. R. Co.*, 286 App. Div. 875, affd. 2 N Y 2d 739). Under all the circumstances of this case as established by the proof, the appellant was exonerated from liability as to the infant, who was a trespasser, because no showing was made which could warrant a finding, "equivalent to willfulness", that appellant was guilty of acts of conduct which affirmatively or wantonly created a dangerous situation or a deceptive trap in the area of injury (cf. *Mayer* v. *Temple Properties*, 307 N. Y. 559). Wenzel, Hallinan and Kleinfeld, JJ., concur; Nolan, P. J., and Beldock, J., dissent and vote to affirm, with the following memorandum: Appellant's high-tension wires were carried on a structure, so designed that children could easily climb it, in close proximity to areas used by the children of the surrounding community for play purposes. The surrounding area was densely populated, and there was evidence from which the jury could have found that appellant knew, or should have known, that children were accustomed, in going from the Bronx River Parkway to a play area, to cross appellant's right of way at the point where the accident occurred. At this particular point a fence, previously constructed, had been permitted to deteriorate to such extent that all of the wire forming the barrier to access to the right of way was gone. It is true that the structure to which the wires were attached carried a warning on it face. The jury could have found, however, that the warning given was entirely inadequate to advise children of the danger inherent in appellant's equipment. In view of the evidence as to these facts, appellant's motions to dismiss were properly denied, in spite of the infant respondent's conceded status as a trespasser. The duty of care which the law imposes on those who undertake to operate so dangerous a force as electricity may, under some circumstances, be due to one who technically is a trespasser. (*Morrison* v. *New York Tel. Co.*, 277 N. Y. 444, 449.) This appears to be such a case, and the question of appellant's duty should be determined on consideration of all the facts, and not solely with reference to ownership or occupancy of the locus in quo. (Cf. *Morrison* v. *New York Tel. Co.*, *supra*; *Kingsland* v. *Erie County Agric. Soc.*, 298 N. Y. 409; *Mayer* v. *Temple Properties*, 307 N. Y. 559.) Having denied the motions to dismiss, the learned trial court instructed the jurors that they could hold appellant liable if they found that it was guilty of such affirmative acts of negligence as were tantamount to a reckless disregard

of the safety of human beings equivalent to intention or willfulness *or an utter disregard of the care commensurate with the risk involved.* There was no exception to this charge, which became the law of the case and which furnishes ample authority for the judgment appealed from. The judgment in favor of the mother of the infant plaintiff should not be disturbed. Although this court may review the propriety of the reduction of the verdict, even though she stipulated thereto and has not appealed (Civ. Prac. Act, § 584-a), the charge of the trial court, to which no exception was taken, limited her recovery to the amount which she had established that she had expended or was required to expend.