ROBERT BARNABY, as Administrator of the Estate of KAREN E. BARNABY, Deceased, Appellant-Respondent, v CLIFFORD RICE et al., Respondents-Appellants.

Third Department, June 19, 1980

APPEARANCES OF COUNSEL

*J. Byron O'Connell* for appellant-respondent.

*Lewis, Bell & Niles (John L. Bell* of counsel), for respondents-appellants.

## OPINION OF THE COURT

GREENBLOTT, J.

On the afternoon of August 29, 1976 plaintiff Robert Barnaby and his wife stopped their car in front of defendants' home to attend a garage sale advertised by a small sign placed in front of the property. The Barnabys left five of their six children, ranging in age from 23 months to 12 years, in the car and proceeded to examine the merchandise offered for sale. They never advised defendants that they had left a 23-month-old child in their car, and they were aware that a river flowed behind defendants' property. After looking at the goods for about 10 minutes, plaintiff returned to his car and discovered that Karen, his 23-month-old daughter, was missing. Following a search, her drowned body was discovered about a quarter of a mile downstream from the site.

Plaintiff moved for summary judgment on the issue of liability, contending that defendants should have foreseen the tragedy, and should have erected a fence across a path which allegedly ran from the road to the river. Defendants cross-moved for summary judgment dismissing the complaint.

■ Although the duty of a landowner is now measured by the single standard of reasonable care under the circumstances (*Basso v Miller,* 40 NY2d 233, 241), it does not necessarily follow that in actions based on negligence, a trial is

required to determine whether a landowner has breached his duty to one injured on his property. As the Court of Appeals explained *(supra,* p 242), "[o]nly in those cases where there arises a real question as to the landowner's negligence should the jury be permitted to proceed." (See, also, *Quinlan v Cecchini,* 41 NY2d 686, 689.) Accordingly, on a motion for summary judgment, a court may properly determine that a landowner need not be subjected to the burden of defending a trial where no "real question" exists as to whether he violated his duty of reasonable care under the circumstances.

■ ■ Turning to the case at bar, the river is located over 400 feet from the road running in front of defendants' property. That there may have been a path which led to the bank of the river is immaterial and does not, in our view, present a question of fact precluding summary judgment in defendants' favor. Assuming that a path did exist, plaintiff completely failed to submit proof in evidentiary form that the path was in any way dangerous or defective, or, more importantly, that the child was even on the path. As noted, the child's body was discovered about a quarter of a mile downstream from the site, and there is no evidence to raise a question of fact as to where the child entered the river. It is equally consistent to assume that the child entered the river by crossing lands of neighboring riparian owners. Moreover, plaintiff failed to show the existence of any defective condition on defendants' premises, let alone a defect which caused the death of his daughter. It is settled that a landowner is not an insurer of the safety of one on his land, and where, as here, there has been no proof in evidentiary form of any traps, pitfalls, harmful devices or other dangerous defect which caused the harm complained of, a landowner's motion for summary judgment should be granted.

■ Additionally, plaintiff has not met his burden of establishing that the accident was foreseeable, which is the measure of a landowner's liability *(Basso v Miller, supra).* Defendants had no knowledge that the deceased infant was in plaintiff's vehicle, which was parked on the shoulder of the road some 50 feet away from the garage where the sale was being conducted. In our view, it would be unreasonable to impose upon a landowner holding a private garage sale a duty of foreseeing that parents would entrust to other siblings custody of a 23-month-old infant who would be permitted to leave the automobile, wander unattended and ultimately fall

into a natural body of water 400 feet away. In *Smyke v State of New York* (282 App Div 914, affd 307 NY 737), the decedent, who was three and a half years old, drowned in a "feeder" at a State fish hatchery. There, as here, no proof was submitted as to where he had fallen into the water, and it was not the usual custom, usage and practice to fence the pools in fish hatcheries. In dismissing the claim, the court aptly explained *(supra)*: "The State cannot be charged with the duty of fencing both sides of the feeder for its entire length. * * * The State was required to guard against known or foreseeable dangers. It cannot be charged with the duty of foreseeing that a child of the age of decedent would be permitted to enter the hatchery grounds unattended." As noted, the river was over 400 feet from the road where plaintiff's car was parked, and under the circumstances here presented, we conclude that as a matter of law the accident was unforeseeable within the meaning of *Basso v Miller (supra)*. There was nothing inherently dangerous about defendants' property, and it seems to us that the parents of the infant (cf. *Holodook v Spencer*, 36 NY2d 35), not the defendants, have the duty of foreseeing that their infants may wander over 400 feet of grassy terrain and ultimately fall into a river. By virtue of a contrary decision, the potential for liability of landowners would be extended beyond realistic limits; they would then have the duty to foresee and guard against every and any possible risk, however remote.

Aside from the question of foreseeability, plaintiff has failed to establish any unreasonable conduct on the defendants' part for which liability may be imposed. At common law, there is no obligation upon a landowner to fence his property (4B Warren, New York Negligence, ch 50, § 1.01, p 46), and we have been unable to find any authority in this State which requires riparian owners to erect fences. Throughout the country, public and private premises open to the public border rivers, streams and other natural bodies of water; but for economic and practical reasons, it has not been seen fit to require such owners to fence their premises (see Liability of Landowner for Drowning of Child, Ann. 8 ALR2d 1254). In our judgment, a riparian owner has not created a dangerous condition on his property merely because he has not erected a fence. Juries should not be permitted to speculate on an *ad hoc* basis whether fences should have been constructed to prevent an infant from falling into a natural watercourse

where, as here, there has been no proof of any defect or dangerous condition on the premises. Accordingly, defendants' motion for summary judgment should have been granted.

The order should be reversed, on the law, the defendants' motion should be granted, and the complaint dismissed, without costs.

KANE, J. (dissenting). The majority holds, as a matter of law, that defendants owed no duty to plaintiff's decedent because they could not foresee she might drown in the river bordering their premises. The majority also determines, again as a matter of law, that even if some duty were assumed to exist, defendants could not be charged with a negligent breach thereof because their conduct was not unreasonable. In our opinion, neither conclusion is warranted at this stage of the proceeding.

In *Basso v Miller* (40 NY2d 233, 241), the Court of Appeals explained that whereas formerly "the likelihood of a plaintiff's presence had been an implicit consideration in the determination of status and the duty commensurate therewith, it now becomes a primary independent factor in determining foreseeability and *the duty of the owner or occupier will vary with the likelihood of plaintiff's presence at the particular time and place of the injury.*" (Emphasis added.) The attendance of children at a garage sale is hardly a novel event. Indeed, in this case, decedent's mother allegedly had a three-year-old daughter with her and mentioned to Mrs. Rice that her five remaining offspring had remained in the automobile. A landowner who operates such a venture can readily anticipate the presence of children and is thus obliged to maintain the site in a reasonably safe condition for their protection as well as adult visitors. Here, the narrower duty question is whether the location of the sale in relation to the river was a circumstance of enough significance to impose an obligation on defendants to take some precautionary measures for the benefit of children. Accepting the existence of a path, as we must for the purposes of this appeal, the majority needlessly confuses that issue by stressing the lack of affirmative defects or traps (cf. *Basso v Miller, supra* [BREITEL, Ch. J., concurring]).

A distance of some 400 feet from an automobile to a point of danger might pose an insurmountable barrier to an infant unable to walk, but a toddler could easily traverse that distance, particularly across a defined way, in a very short period of time. Moreover, while defendants may be able to

demand contribution from neglectful parents in a situation of this nature, they should have been aware that a momentarily unattended child might quickly reach the river without attracting the notice of those in direct supervision. Undoubtedly, there are circumstances in which the potential hazard arising from a natural condition is so slight or the possibility of encountering it is so unlikely that a court would be justified in concluding that no reasonable landowner could foresee harm to another. However, the danger of a young child drowning if he or she wandered away from parental control and proceeded to a nearby body of water is sufficiently great that it cannot properly be shunted aside as legally remote. How defendants should deal with that specific risk to meet their responsibility is, of course, another matter.

The majority apparently fears that the recognition of a duty would somehow mandate the fencing of all riparian lands. This position is unsupportable, for the reasonableness of protective action necessarily depends on the factual setting of each case. Sometimes fencing might be the only adequate response, but less onerous alternatives, such as an oral warning or a sign, might suffice in other instances. At a children's birthday celebration held indoors, notice to accompanying parents might be regarded as overly cautious, while great vigilance could be expected of a host in providing for the safety of unescorted youngsters invited to a swimming party. The possibilities are endless and no per se rule can be formulated. A jury, not a court, should be permitted to say whether these defendants were negligent in failing to guard the approaches to the river under the prevailing conditions (see *Quinlan v Cecchini,* 41 NY2d 686, 689).

Lastly, if plaintiff cannot prove by direct or circumstantial evidence that decedent crossed defendants' land to the river, then no liability can attach to them. However, defendants have not demonstrated the absence of any genuine triable issue in this regard so as to entitle them to summary relief. Accordingly, the order appealed from denying summary judgment to either party should be affirmed.

MAIN and MIKOLL, JJ., concur with GREENBLOTT, J.; MAHONEY, P. J., and KANE, J., dissent and vote to affirm in an opinion by KANE, J.

Order reversed, on the law, defendants' motion granted, and complaint dismissed, without costs.