■ ROYAL LIPSCOMB, Appellant, v CITY OF ITHACA, Respondent.—Casey, J. Appeal (1) from an order of the Supreme Court at Special Term (Kepner, Jr., J.), entered December 19, 1984 in Tompkins County, which granted defendant's motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

His occupational attendance as a police officer at the Hall of Justice Building in the City of Ithaca, Tompkins County, required plaintiff to park his vehicle in a rear adjoining parking lot located at 120 East Clinton Street. On September 18, 1983, plaintiff parked his 1977 Dodge Power Wagon pickup truck in the northernmost portion of this lot. That part of the lot is reasonably level and covered by macadam, but slopes slightly toward an embankment at the bottom of which flows the Six Mile Creek. Although after its acquisition defendant installed a steel girder barrier along the southernmost portion of the parking lot, the northernmost barrier was protected only by a four-inch high galvanized pipe extended by T-connectors 6 to 12 inches up from the base of the lot, which had been installed by a prior owner. Plaintiff contends that on the date of the accident his truck was left in gear with its doors locked. During plaintiff's absence, his unoccupied truck unexplainably rolled down the embankment and into the creek. The pipe guardrail was observed by plaintiff to be in the gorge

with the truck when he investigated, but whether the truck knocked it down or whether it was in the creek previously has not been shown.

Plaintiff sued defendant for damages sustained by his truck through defendant's negligence. Special Term granted defendant's motion to dismiss the complaint for its failure to state a cause of action. We agree. The gist of plaintiff's claim is the failure of defendant to erect barriers sufficient to have protected his truck from going down the embankment into the creek. There is no duty on the part of defendant requiring the erection of barriers in these circumstances. Defendant's duty in regard to the parking lot is circumscribed by the dangers reasonably to be perceived. Quite simply, this accident was not reasonably foreseeable. If the truck was parked as plaintiff himself claims, the proximate cause of the accident would be the force that caused the truck to roll. Defendant was not required to foresee and to protect against any such outside, unanticipated, sudden and unexpected force by erecting barriers or guardrails (see, Pulka v Edelman, 40 NY2d 781, 786). Accordingly, Special Term properly dismissed the complaint for insufficiency.

Order and judgment affirmed, with costs. Kane, J. P., Main, Casey, Yesawich, Jr., and Harvey, JJ., concur.