■ LEWIS J. DAVIS, an Infant, by ELLA DAVIS, His Parent and Natural Guardian, et al., Respondents, v CITY OF COHOES, Appellant, et al., Defendant.—Casey J. Appeal from an order of the Supreme Court (Brown, J.), entered August 28, 1986 in Albany County, which denied a motion by defendant City of Cohoes for summary judgment dismissing the complaint against it.

On July 30, 1981 the infant plaintiff, 2½ years old at the time, sustained personal injuries when he lost his balance while attempting to turn his tricycle around on Garner Street in defendant City of Cohoes in Albany County and fell down an adjacent embankment. Although the sidewalk is owned by the City, the ownership of the embankment is in dispute. The basis of the action against the City is its failure to inspect, warn and protect children by providing a barrier to the embankment. The City's answer alleged as an affirmative defense that plaintiffs had not alleged compliance with the City's Local Law § 162, a prior written notice statute. Based on lack of compliance therewith, the City moved for summary judgment dismissing the complaint against it for legal insufficiency.

Supreme Court denied defendant's motion and we agree with its determination. The main thrust of plaintiffs' claim is that the sidewalk was constructed negligently by the City in a dangerous position adjacent to a steep embankment. Accordingly, the prior written notice statute is inapplicable *(see, Hogan v Grand Union Co.,* 126 AD2d 875; *Rehfuss v City of Albany,* 118 AD2d 987). Since it is reasonably foreseeable to a municipality that bicyclists will use a public sidewalk *(see, Muallem v City of New York,* 82 AD2d 420, 424-425, *affd* 56 NY2d 866), questions of fact exist precluding summary judgment. The order appealed from should therefore be affirmed.

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.