■ LUCIA CARANFA et al., Respondents, v CITY OF ALBANY, Appellant.—Mahoney, P. J. Appeal from an order of the Supreme Court (Doran, J.), entered September 2, 1988 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

On February 3, 1986 at approximately 8:30 A.M., plaintiff Lucia Caranfa was injured when she slipped and fell on icy pavement at or near the intersection of Cliff and Winnie Streets in the City of Albany. As a consequence of the fall, plaintiff and her husband commenced this action seeking both compensatory and derivative damages. After issue was joined and discovery proceedings completed, defendant moved for summary judgment dismissing the complaint on the ground that plaintiffs failed to provide prior written notice as required by defendant's Local Laws, 1953, No. 1. Supreme Court denied the motion and this appeal by defendant ensued.

Plaintiffs do not contend that they gave any prior written notice of the alleged defective condition of the Cliff and Winnie Street intersection to defendant as required by Local Laws, 1953, No. 1, the absence of which was the sole reason advanced for summary dismissal. Rather, plaintiffs contend that a question of fact exists as to the applicability of Local Laws, 1953, No. 1 because of their allegations of affirmative negligence in the design and construction of the accident scene and the snow and ice removal (see, e.g., Davis v City of Cohoes, 131 AD2d 907; Siddon v Fishman Co., 65 AD2d 832, 833, lv denied 46 NY2d 714). Plaintiffs' proof in opposition to the motion shows that topographically Cliff and Winnie Streets are located on opposite crests of a valley-like depression and that there are four catch basins at the intersection, thereby creating a man-made receptacle for the accumulation of snow and ice. There are no sidewalks. This proof clearly raises a question of fact as to whether defendant's design and construction of the intersection was negligent so that the prior written notice statute is not applicable (see, Davis v City of Cohoes, supra).

Plaintiffs' proof further indicates that on February 1, 1986, 4.8 inches of snow fell and on the following day an additional inch was recorded. When the proof of 5.8 inches of snow is juxtaposed with the testimony of defendant's Deputy Commissioner of Public Works that defendant cleaned and maintained its catch basins which provided drainage for water and runoffs from the streets and the inability of defendant to produce, in response to a notice for discovery and inspection, any records regarding snowplowing or salting in the area of the Cliff and Winnie Street intersection or maintaining the catch basins located at that intersection, it follows that questions of fact exist over whether defendant committed affirmative acts of negligence (see, Siddon v Fishman Co., supra). Thus, plaintiffs have raised triable issues of fact sufficient to defeat defendant's motion for summary relief despite plaintiffs' failure to give prior written notice as required by defendant's Local Laws, 1953, No. 1.

Order affirmed, with costs. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.