■ MARGARET E. CASELA, as Administratrix of the Estate of ALLEN J. CASELA, Deceased, Appellant, v CITY OF TROY, Respondent.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Prior, Jr., J.), entered October 10, 1989 in Rensselaer County, which, *inter alia,* granted defendant's motion for summary judgment dismissing the complaint.

Decedent, a five-year-old boy, accompanied his nine-year-old neighbor to an overlook area in a park bordering the Hudson River; the park had been designed and constructed by the State and leased to defendant. According to the companion's most recent account of the events of that day, the two boys skirted a metal railing bordering the overlook and descended a cobblestone surface to reach a bulkhead abutting the river. While standing on the bulkhead and throwing rocks into the water, decedent allegedly lost his balance and fell. His lifeless body was pulled from the river the following day.

In a wrongful death action commenced by decedent's mother, the only negligence asserted against defendant is its failure to erect fences or guardrails bordering the river. After issue was joined and discovery had, defendant, having theretofore succeeded in gaining dismissal of the conscious pain and suffering cause of action, moved for summary judgment dismissing the wrongful death claim. Concluding that defendant was not obligated to fence the scenic overlook despite its proximity to the river, and that plaintiff's failure to show that defendant had prior written notice of any defect precluded relief in any event, Supreme Court granted defendant's motion. Plaintiff appeals. We affirm.

Careful review of the motion papers indicates that defendant did not breach its duty to prevent foreseeable injuries to park visitors. Property owners need not enclose natural geographical phenomena which present open and obvious, in contrast to latent, dangers *(see, Diven v Village of Hastings-On-Hudson,* 156 AD2d 538, 539; *Olsen v State of New York,* 30 AD2d 759, *affd* 25 NY2d 665)*. More specifically, riparian landowners who fail to erect fences are not thereby chargeable with creating a dangerous condition *(see, Barnaby v Rice,* 75 AD2d 179, 182, *affd on opn below* 53 NY2d 720; *Smyke v State of New York,* 282 App Div 914, *affd* 307 NY 737; *see also, Lipscomb v City of Ithaca,* 115 AD2d 824, 825)*. Accordingly, as the only negligence with which defendant, whose duty here was no greater than that of the owner, is charged,

namely, its failure to erect fencing or guardrails, summary judgment was properly granted.

It is also noteworthy that plaintiff concedes in her brief that defendant neither designed nor constructed the park. That being so, defendant cannot be held responsible for the park's allegedly negligent design or construction. Furthermore, even if defendant could be held liable on some theory premised upon its nonfeasance in neglecting to provide a fence or guardrail, relief would still be unattainable, for plaintiff has failed to produce evidence that defendant received prior written notice of the claimed unsafe or dangerous condition, as required by local law (see, Local Laws, 1983, No. 1 of City of Troy § 8 [1]; see also, Rogers v County of Saratoga, 144 AD2d 731, 732; cf., Davis v City of Cohoes, 131 AD2d 907).

Order affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.