■ TERRI A. TILLMAN, Respondent, v NIAGARA MOHAWK POWER CORPORATION, Defendant and Third-Party Plaintiff-Appellant. CHEMETRON, INC., et al., Third-Party Defendants-Respondents. [604 NYS2d 649] —Casey, J. Appeal from an order of the Supreme Court (Connor, J.), entered October 13, 1992 in Columbia County, which denied defendant's motion for summary judgment dismissing the complaint and granted third-party defendants' cross motion for summary judgment dismissing the third-party complaint.

Defendant contends that Supreme Court erred in denying its motion for summary judgment dismissing plaintiff's complaint which seeks to recover damages for injuries sustained by plaintiff when she allegedly fell from defendant's dam at Stuyvesant Falls in Columbia County. On the day of the accident, plaintiff and several friends spent the afternoon picnicing and swimming at a swimming hole on Kinderhook Creek, located on property owned by third-party defendants near the base of defendant's dam. Later in the afternoon, plaintiff and several of her companions left the beach area of the swimming hole and went to the base of the dam. In order to reach the dam, they had to wade or swim through a shallow rocky area, cross a log or stump and go over more rocks. Plaintiff then climbed to the top of the dam and watched her companions run the length of the top of the gate support structure and jump into the water some 50 feet below. Although there is some evidence in the record that plaintiff jumped, she testified at her examinations before trial that she thought her companions were "crazy" to jump and that she slipped and fell as she walked to the end of the gate support

structure to see if her companions had safely made it to the water below. According to plaintiff, the structure was wet and slanted, causing plaintiff to take small steps so that she would not go over the edge. Nevertheless, she slid when she reached the end of the structure where it was slimy.

Plaintiff contends that defendant breached its duty as a landowner to maintain its property in a reasonably safe condition to prevent foreseeable injuries (see, Basso v Miller, 40 NY2d 233). There is evidence in the record that defendant was aware of the frequent use of the swimming hole on adjacent property and was also aware that people often sat on the rocks at the base of the dam. For a period of time, defendant had a problem with people on the facility and its employees chased them off. The last time such a problem occurred, however, was approximately 10 years prior to plaintiff's accident. Defendant had no knowledge of diving or jumping from its dam and had no record of any injuries at the dam, other than injuries to its own employees. In these circumstances, defendant could not reasonably have foreseen the recreational use of its dam by plaintiff and, therefore, was not obligated to prevent such use or make its facility safe for such use (see, Rubsam v Alexander, 177 AD2d 484; Addolorato v Safeguard Chem. Corp., 177 AD2d 680). Defendant was not required to protect plaintiff from her own folly in electing to use the structure for an unintended purpose, thereby exposing herself to a readily observable dangerous condition (see, Smith v Curtis Lbr. Co., 183 AD2d 1018).

In any event, plaintiff's injuries were not the proximate result of anything defendant did or did not do. Regardless of whether plaintiff jumped or fell from the top of the dam, her conduct in scaling the structure, attempting to walk across the top of the dam, which she knew was at a dangerous height above the rocks below and which she knew was wet and difficult to traverse, was the sole legal cause of her injuries (see, Olsen v Town of Richfield, 81 NY2d 1024). Defendant, therefore, is entitled to summary judgment dismissing the complaint. Having so concluded, we reach no other issue, including defendant's claim that General Obligations Law § 9-103 is applicable.

Weiss, P. J., Yesawich Jr., Crew III and White, JJ., concur. Ordered that the order is modified, on the law, with costs, by reversing so much thereof as denied defendant's motion; motion granted, summary judgment awarded to defendant and complaint dismissed; and, as so modified, affirmed.