**Corey L. LEICHING, Plaintiff,**

v.

**CONSOLIDATED RAIL CORPORATION, Defendant.**

No. 92–CV–1170.

United States District Court, N.D. New York.

Oct. 18, 1995.

Ianniello, Anderson, Reily & Luhn, Clifton Park, NY (Christopher N. Luhn, of counsel), Herman, Herman, Katz & Cotlar, L.L.P., New Orleans, Louisiana (Russ M. Herman, Maury A. Herman, Leonard A. Davis, of counsel), for plaintiff.

Walker & Bailey, New York City (Lawrence R. Bailey, Jr., of counsel), for defendant.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

### I. BACKGROUND

Plaintiff, Corey Leiching, sustained severe injuries, rendering him a quadriplegic, when he was struck by a train owned by the defendant Consolidated Rail. The plaintiff claims that the defendant was willfully, wantonly, and recklessly negligent. In addition, the plaintiff claims that the defendant's negligence was based on its failure to warn and keep adequate watch. The defendant has moved for summary judgment arguing that there is no evidence that any of its actions, negligent or not, were the proximate cause of the accident. The plaintiff has cross-moved for summary judgment on the issue of liability for the alleged failure of the defendant to comply with the federal regulation relating to the illumination of headlights on locomotives.

The Court notes, before reciting the relevant facts of this case, that after considerable discovery, documents were discovered by the defendant's counsel which may call into question or directly contradict the accuracy of a portion of the deposition testimony of the plaintiff, of Thomas Appa, and of certain assertions contained in other documents filed with this action, including the plaintiff's answers to interrogatories. The facts necessary for the determination of these summary judgment motions are not implicated by this new evidence, and thus, the Court will make a determination as to these motions. However, the Court finds that the documents recently discovered raise issues as to discovery, and directly affect the motions before the Court made subsequent to the summary judgment motions.

On October 3, 1989, at approximately 2:00 a.m., the plaintiff was walking to his mother's home in Kingston, New York. The route chosen by the plaintiff took him through a retail store parking lot to a path leading to the Conrail north-south railroad tracks.[1] The plaintiff walked on the tracks intending to reach another path that led to an area near his mother's apartment.

1. In fact, there were three sets of tracks running approximately parallel to each other.

It is undisputed that the plaintiff knew that railroad tracks were dangerous and that walking on them was dangerous. It is undisputed that the plaintiff knew that these particular tracks were used by trains. It is undisputed that there were at least two other reasonable routes, over paved roads, that the plaintiff knew he could have taken to reach his destination. It is undisputed that the plaintiff could have walked alongside the tracks without walking between the tracks, and on the railroad ties, to reach his destination.

While on the tracks, the plaintiff fell and was knocked unconscious, chose to lay down to sleep, or passed out due to excessive consumption of alcohol and/or marijuana.[2] For whatever reason, the plaintiff was lying between the railroad ties on a curvature of the Conrail tracks, on a foggy night, and wearing dark clothing, when a train approached and ran over the plaintiff causing severe injuries.

The plaintiff alleges that the defendant knew that the area of the accident was a problem area. The plaintiff also alleges that there were no warning signs or fences in this area to warn people of danger, or that they should not trespass. Plaintiff also alleges that the only illumination coming from the train was a single headlamp, allegedly emitting a below standard amount of light, in violation of federal regulations, such that the train conductor and brakeman could not see the plaintiff on the tracks in time to stop.

The defendant, of course, disputes these facts. The defendant contends that there were two lamps switched to the "bright" position, and that the lights were fully and properly functional. In addition, the defendant contends that the plaintiff was lying on a curved section of track, and that it was a foggy night. Accordingly, the defendant claims that whether in compliance with the federal regulations or not, the defendant's

employees could not have seen the plaintiff in time to stop. It is the defendant's contention on this motion that the plaintiff's own conduct was the proximate cause of his injuries, such that the defendant cannot be held liable.

## II. DISCUSSION

### A. Standard For Summary Judgment

The standard for granting a motion for summary judgment is well-settled. Summary judgment is appropriate when no genuine issues of material fact exist, and thus the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). The movant bears the initial burden of showing the Court that, on the evidence before it, there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The nonmovant must then "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.Proc. 56(e). There must be more than a "metaphysical doubt as to the material facts." *Delaware & H.R. Co. v. Conrail Corp.*, 902 F.2d 174, 178 (2d Cir.1990), *quoting, Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). "In considering a motion for summary judgment, the district court may rely on 'any material that would be admissible or usable at trial.'" *Azrielli v. Cohen Law Offices*, 21 F.3d 512, 516 (2d Cir.1994) (*quoting*, 10A C. Wright, A. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil s 2721 at 40 (2d ed. 1983)). However, the court must resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party, and it may not properly grant summary judgment where the issue turns on the credibility of witnesses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265 (1986); *Azrielli*, 21 F.3d at 517. Any

**2.** There is some dispute as to the activities of the plaintiff during the day preceding the accident. However, it is a reasonable inference from the statements of *both* parties' expert witnesses that sufficient alcohol was detected in plaintiff's blood at approximately 3:30 a.m. to indicate that he was intoxicated at the time of the accident. In addition, the plaintiff admits to consuming a number of beers prior to the accident.

The plaintiff now attempts to introduce evidence that he was with an individual, not mentioned in his deposition, on the day prior to the accident, as evidence of amnesia, and to preclude summary judgment. However, regardless of who the plaintiff was with prior to the accident, the facts remain that he walked on the tracks with knowledge of their dangerousness, and had consumed some alcohol.

assessments of credibility and all choices between available inferences are matters to be left for a jury, not matters to be decided by the Court on summary judgment. *Id.; See, e.g.,* Fed.R.Civ.P. 56(e), 1963 Advisory Committee Note; *Agosto v. Immigration & Naturalization Service,* 436 U.S. 748, 756, 98 S.Ct. 2081, 2086–87, 56 L.Ed.2d 677 (1978); *Poller v. Columbia Broadcasting System,* 368 U.S. 464, 472–73, 82 S.Ct. 486, 490–91, 7 L.Ed.2d 458 (1962); *Ramseur v. Chase Manhattan Bank,* 865 F.2d 460, 465 (2d Cir.1989); *Centronics Financial Corp. v. El Conquistador Hotel Corp.,* 573 F.2d 779, 782 (2d Cir. 1978); 6 Moore's Federal Practice P 56.02 at 56–45 (2d ed. 1993). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci,* 923 F.2d 979, 982 (2d Cir.1991), *cert. denied,* 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991). It is with the foregoing standards in mind that the Court turns to the issues presented.

## B.  Proximate Cause

The defendant seeks summary judgment dismissing the plaintiff's complaint on the basis that there is no evidence that the actions of the defendant were a proximate cause of the injuries suffered by the plaintiff. New York law applies.

In New York, to make out a *prima facie* case for negligence, a plaintiff "must show that the defendant was negligent and that such negligence was a substantial factor in bringing about the events which caused plaintiff's injuries, i.e., proximate cause." *See Garcia v. City of New York,* 205 A.D.2d 49, 617 N.Y.S.2d 462, 464 (1st Dept.1994). Proximate cause has proven to be an elusive concept to define with any precision. *See Derdiarian v. Felix Contracting Corp.,* 51 N.Y.S.2d 308, 315, 434 N.Y.S.2d 166, 169, 414 N.E.2d 666 (1980). Nevertheless, courts have generally found that the issue of whether a defendant's conduct was a substantial factor in bringing about the plaintiff's injuries is a question of fact for the jury. *See Id.* (citations omitted). However, " 'where only one conclusion may be drawn from the established facts ... the question of legal cause may be decided as a matter of law.' " *Culkin*

*v. Parks and Recreation Dept.,* 168 A.D.2d 912, 565 N.Y.S.2d 655, 656 (4th Dept.1990) (*quoting, Derdiarian, (supra )*). Thus, the task for the Court is to determine if there is only one conclusion to be drawn from the facts of this case. If more than one conclusion is possible, then causation is a question to be left for the jury.

The defendant argues through a recitation of a litany of cases that its actions cannot be the proximate cause of the plaintiff's injuries, because the plaintiff voluntarily undertook a known dangerous course of conduct when he decided to walk on the tracks. The defendant has cited case law that supports the proposition that a defendant is not responsible for protecting a plaintiff from his own folly when the danger is readily apparent. *See Tillman v. Niagara Mohawk Power Corp.,* 199 A.D.2d 593, 604 N.Y.S.2d 649 (3d Dept.1993). Here it is clear that the plaintiff knew that the tracks were dangerous and that he should not walk on them although he had done so on at least fifteen (15) prior occasions. It seems clear to the Court that the plaintiff was negligent when he decided to walk on the tracks.

The defendant also has cited case law to support the proposition that the failure of a plaintiff to use common sense should insulate the defendant from liability. *See Culkin,* 168 A.D.2d 912, 565 N.Y.S.2d 655. It is clear that in light of his knowledge of the dangers inherent in walking on railroad tracks, the plaintiff did not exercise common sense when deciding to walk on the tracks. This fact further buttresses a claim that the plaintiff was negligent.

However, the sole issue is not whether the plaintiff was negligent, nor is it whether his negligence was a cause of his injuries. There can be no question that if those were the sole issues before the Court that it would grant summary judgment based on the admissions of the plaintiff alone. The determinative issue before the Court is whether there is a factual question as to whether any actions of the *defendant* were a proximate cause of the plaintiff's injuries. The Court, therefore, will discuss the bases for the alleged negligence of the defendant, and whether reasonable minds could find that such actions were a

substantial factor giving rise to the plaintiff's injuries.

### 1. Failure To Warn

The plaintiff alleges that the defendant was negligent by failing to maintain a fence or signs in the vicinity of the accident site to warn of the dangers of trains. With respect to the maintenance of fences, the plaintiff has cited no authority to support his claim that the railroad should have fenced-in the area of the accident.

■ The defendant cites authority for the general proposition that a land owner is not legally obligated to prevent the entry of trespassers by means of a fence. *Barnaby v. Rice,* 75 A.D.2d 179, 428 N.Y.S.2d 973 (3d Dept.1980), *aff'd,* 53 N.Y.2d 720, 439 N.Y.S.2d 354, 421 N.E.2d 846 (1981). The Court notes that the railroad does have a general duty to maintain safe conditions, and may not maintain its land in such a way "as to constitute a trap." *Scholl v. New York C.R. Co.,* 2 A.D.2d 989, 157 N.Y.S.2d 867, 869 (2d Dept.1956), *aff'd,* 3 N.Y.2d 989, 169 N.Y.S.2d 906, 147 N.E.2d 475 (1957). There are no facts to suggest either in this case. The area was not maintained in an unsafe manner. Moreover, since the plaintiff knew of the dangers of walking on the tracks, and yet, had done so on at least fifteen (15) occasions, there is no indication that a fence would have prevented the plaintiff from entering on to the defendant's property. Finally, the mere failure to maintain a fence cannot be said to be a proximate cause of the plaintiff's injuries. If that was the law, then the railroad could escape liability for individuals entering upon its property only by enclosing every mile of track by a fence. The law simply does not impose such an onerous burden.

■ The plaintiff also alleges that the defendant was negligent by failing to erect signs to warn the public of the dangers of trains and walking on the tracks. As an initial matter, the Court suspects that it is common sense not to walk on tracks, particularly on a foggy night, and in an area known to be actively in use by trains. "It has been held that the absence of a warning sign cannot be excluded as a cause unless the plaintiff's awareness of the condition would have lead to the same course of conduct as if the sign had been present." *Vasquez v. Consolidated Rail Corp.,* 180 A.D.2d 247, 584 N.Y.S.2d 345, 348 (3d Dept.1992); *see, Applebee v. State,* 308 N.Y. 502, 127 N.E.2d 289 (1955). It is clear in this case that a sign would not have altered the plaintiff's conduct. The purpose of a sign is to warn, but the plaintiff admitted to already having specific knowledge of the dangers he faced with respect to walking on the tracks. Notwithstanding that knowledge, the plaintiff, by his own admission, repeatedly disregarded the danger and walked on the tracks. No sign would have warned the plaintiff about anything that he did not already have knowledge. Accordingly, the defendant, as a matter of law, cannot be found negligent for failing to warn, and therefore, such alleged failure cannot be a proximate cause of the plaintiff's injuries.

### 2. Failure To Stop

■ The plaintiff alleges that there is a question of fact as to whether the defendant's employees were negligent by failing to stop the train before hitting the plaintiff. The Court agrees.

The plaintiff alleges that according to the defendant's own operating rules, the train should have been travelling at a speed such that it could stop at one-half the distance from its farthest point of vision. The defendant does not dispute this allegation. Clearly, the defendant's train ran over the plaintiff. Therefore, the Court finds that a question of fact exists as to whether the train could have or should have stopped given its speed.

In addition, it is clear that a crew member or members saw something that they thought was a bag of garbage on the tracks in front of them. Whether or not the train should have stopped before hitting that object is a question of fact for the jury. The defendant only claims that it was a foggy night and that the plaintiff was not recognized as a human being until it was too late to prevent injury. The Court cannot on those facts rule, as a matter of law, that the

defendant was not negligent. Moreover, drawing all reasonable inferences in the light most favorable to the non-moving party, the Court concludes that a reasonable jury could find that the failure to stop was a substantial factor giving rise to the plaintiff's injuries. *See Culkin,* 565 N.Y.S.2d at 656; *see also, Carpino v. Baker,* 66 A.D.2d 201, 412 N.Y.S.2d 617, 620 (1st Dept.1979).

Based on the foregoing, the Court denies the defendant's motion for summary judgment, but orders that the plaintiff be precluded from offering evidence at trial as to the alleged failure to warn by means of fences or signs, because, as a matter of law, the defendant was not negligent with respect to that issue. *See Celotex Corp., supra.*

## C. Plaintiff's Cross–Motion For Summary Judgment

■ The plaintiff alleges that the defendant violated 49 C.F.R. § 229.125, which essentially sets forth the federal requirements for the presence of headlights on locomotives, and the strength of light emitted.[3] It is plaintiff's contention that the headlight installed on the train that actually hit the plaintiff was not as bright as the regulations require, and that as a result the plaintiff was not seen soon enough to stop the train and prevent the injuries. The plaintiff has submitted the report of an expert in the field of lighting. However, the report was pursuant to a test of a train, other than that involved in the accident, with a single headlight. In this case there is testimony that there were two headlights on the train and that they were switched to the "bright" position.

The report also assumes a clear night. However, there is testimony from witnesses that it was a "very foggy" night. It is reasonable to assume that such a weather condition would affect visibility no matter what level of lighting. In addition, there is testimony to the effect that the train was on a curvature of the track when it approached the plaintiff, and that this would reduce the advance visibility of any crew member looking ahead. Finally, there is evidence that the plaintiff was lying on the tracks or between the ties, which clearly would affect the

ability of the defendant's employees to see the plaintiff in time to stop the train.

The regulations specifically state that "[e]ach headlight shall ... illuminate a person at least 300 feet ahead and in front of the headlight." 49 C.F.R. § 229.125(b). There is a clear question of fact as to whether the plaintiff was in front of the headlight. Moreover, given the plaintiff's dark clothing, the fact that he was lying down on the track ties, and the foggy weather conditions, even if the defendant did fail to comply with the regulation, there is a question of fact as to whether that had any effect on the ability to see the plaintiff. The facts of this case simply cannot support a ruling of liability, as a matter of law, based on the alleged violation of locomotive headlight regulations. Accordingly, the plaintiff's motion is denied.

## D. Remaining Issues And Subsequent Motions

As mentioned above, new evidence has been discovered in this case that may call into question the facts of this case. In general, there appears to be evidence in record and testimonial form that would contradict significant portions of prior allegations and deposition testimony. It appears to the Court that there may be sufficient grounds to reopen discovery. Accordingly, the Court will refer this case back to the Magistrate Judge, and direct that a conference be conducted to resolve the discovery issues before trial.

## III. CONCLUSION

In sum, the Court:

1. DENIES, in part, the defendant's motion for summary judgment, and ORDERS that the plaintiff be precluded from entering evidence at trial relating to the issue of the defendant's alleged failure to warn; and

2. DENIES, the plaintiff's motion for summary judgment on the issue of liability; and

---

**3.** Referred to as "candela."

3. ORDERS, that this case be referred back to the Magistrate Judge for conference to resolve the discovery issues before trial.

**IT IS SO ORDERED.**