MOLLIE FINK, as Administratrix of the Estate of SAM FINK, Deceased, Plaintiff, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Trial Term, New York County, June 24, 1954.

*Cohn & Rothenberg* for plaintiff.

*Adrian P. Burke, Corporation Counsel* (*Abraham Silvers* of counsel), for defendant.

GAVAGAN, J. This action was tried before me without a jury upon stipulation of counsel containing a waiver of findings of fact and conclusions of law. The decedent, Sam Fink, on July 18, 1950, suffered personal injuries of such a nature and extent

that death was caused on September 14, 1950. The decedent, forty-seven years of age, was crossing west at the northeast crosswalk of 22nd Street and Seventh Avenue at or about 5:30 P.M. on July 18, 1950. He was proceeding west and had reached the white line dividing Seventh Avenue into north and south lanes of traffic when he was struck and tossed into the air by a fire truck responding to an alarm. The driver of the fire truck had been proceeding north in the south-bound lane of Seventh Avenue for the distance of at least a whole city block before striking the decedent. North and south traffic was stopped with red lights and for such reason the fire truck proceeded north on the south-bound lane. While the siren and bell on the fire truck were sounded at intervals, they were of no avail because the decedent was a deaf mute. A particularly important incident which seems to have been overlooked by counsel is the fact that a police officer returning to his station house from a different police duty undertook to direct traffic at the intersection. Unfortunately, the officer turned his back to the decedent and did not observe him crossing west, with the green light. The testimony of a disinterested witness, Bernard Bohrer, that the fire truck proceeded north in the south-bound lane of Seventh Avenue at an excessive rate of speed, showed gross negligence. The excessive speed continued right to the point of contact with the decedent's body. The testimony is undisputed that when he approached the corner he stopped and waited for the light to change for east and west traffic and then proceeded across the avenue. He, therefore, used his eyes and did all that prudence and care would require under the existing circumstances. Under the conditions prevailing the decedent was entitled to assume that the green light gave him the right of way.

The sounding of the siren and bell in view of the decedent's affliction was useless and of no avail; but he is not to be penalized because of such affliction. Greater care should be required of him to use his faculty of sight; this he exercised.

The fact that a police car or fire truck has a right of way and has sounded its siren does not, under the circumstances prevailing in this case, prevent a finding of negligence on the part of its operator. (N. Y. City Traffic Regulations, art. 4, §§ 61, 80; *MacGregor* v. *Regitano,* 263 N. Y. 534; *Miner* v. *Rembt,* 178 App. Div. 173; *Zagelbaum* v. *City of New York,* 302 N. Y. 793; *Muhs* v. *Fire Ins. Salvage Corp. of Brooklyn,* 89 App. Div. 389; *Russell* v. *Nadeau,* 139 Me. 286.)

The injuries and their causation with death are undenied. He had an expectancy of twenty-two years plus, was earning at least

$50 weekly, and left surviving a widow forty-five years of age and daughters sixteen and twenty-one years of age respectively.

Upon all the evidence before me I find that the injuries and death of the decedent were suffered and sustained through the sole negligence of the defendant; that at the time decedent was free from contributory negligence. A verdict is therefore rendered on the first cause of action in favor of the plaintiff against the defendant in the sum of $12,000 and on the second cause of action a verdict is rendered in plaintiff's favor in the sum of $35,000 and judgment is directed to be entered accordingly.

This memorandum will constitute compliance with the provisions of section 440 of the Civil Practice Act. Stay of thirty and sixty days granted.