CHARLES S. HARRAN, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 33373.)

Third Department, August 13, 1959.

*Chester J. Winslow, Jr.,* for appellant.

*Louis J. Lefkowitz, Attorney-General (Jean R. McCoy* and *Paxton Blair* of counsel), for respondent.

HERLIHY, J. The accident happened on July 10, 1955. The claimant, about 65 years of age, with his grandchildren and accompanied by a friend and his children paid the regular admission fee and entered the park. They selected a place for a picnic some distance from the lake shore and approximately 20 or 25 feet from the embankment. After the picnic, the children elected to go swimming. Claimant and his friend remained at the picnic location. Sometime thereafter, not being able to see all of the swimming area, they heard a commotion and being concerned about their children, they both went in the direction of the lake and stopped just short of the embankment. The condition had been created and constructed by the State many years before this particular date. It consisted of a drop-off of approximately six feet to a macadam pavement below, the purpose of the embankment being to house a transformer. Claimant's Exhibits No. 1 and No. 2 graphically portray the situation. Claimant testified he did not notice this embankment and when they (claimant and friend) arrived about at the edge, they could see the lake area. His friend testified that he asked the claimant if he saw the children; that the claimant turned and as he did " his foot slipped or something and he pitched forward over this parapet ".

Claimant contends the State was negligent in not having a rail or barricade at the location and under the circumstances he was free from contributory negligence.

The court below found a failure to establish negligence on the part of the State or notice of any dangerous condition and that the negligence of the claimant was the sole proximate cause of the accident.

It was conceded that the park was owned, operated and maintained by the State, that the embankment had existed many years and under such circumstances, there was no requirement that the claimant prove notice of a dangerous condition. The condition described herein was readily foreseeable and the failure of the State to have erected a rail or barricade was a proximate cause of the accident as was the failure to have any signs. (*Le Roux* v. *State of New York,* 307 N. Y. 397, 404.)

One of the witnesses on behalf of the claimant, an employee of the State, was asked to examine one of the exhibits and he testified that the condition as it existed, without a handrail, was

not in accordance with good or safe practice. (*Nichols* v. *State of New York,* 286 App. Div. 281, 282.)

The State offered no proof and their brief on this appeal is directed entirely to the question of the contributory negligence of the claimant.

For some reason not disclosed, claimant testified concerning certain "dizzy spells" from which he had suffered some time prior to the accident. There was no proof of any degree of regularity or length of their duration and they apparently had not affected his ability to work in a store where he was in the habit of doing a considerable amount of heavy lifting. It is intimated that such a condition might have been what precipitated the fall but it is of a speculative or suggested nature which alone would not be sufficient to constitute a finding of contributory negligence. It is contrary to the testimony of his friend, who was standing with him, and in opposition to fair inference which might be deduced as to his slipping or tripping on the top of the concrete coping. The court made a finding that the claimant suffered from occasional dizzy spells prior to the accident. That fact of itself was not sufficient to justify a finding of contributory negligence. (*Von Hulse* v. *Schmiemann,* 221 App. Div. 768; *Carter* v. *Village of Nunda,* 55 App. Div. 501, 505; *Fink* v. *City of New York,* 206 Misc. 79.)

Even if he were aware of the existing condition — and for the moment forgot — that does not charge him with responsibility and forgive the State for its failure to remedy a dangerous condition. (*Conway* v. *Naylor,* 222 N. Y. 437.)

There was ample opportunity for both the claimant and the State to have produced a better and more satisfying record than that now before the court but from a review of what we have, we are satisfied that a dangerous condition existed which was readily foreseeable; that the State therefore was negligent and had notice of the condition which was the proximate cause of the happening of the accident and that the record substantiates a finding of freedom from contributory negligence on the part of the claimant as against the finding made by the court. (*Nichols* v. *State of New York,* 286 App. Div. 281, *supra.*)

Having so concluded, there remains the question of damages and once again the record provides little testimony to substantiate an award. However, what is presented is not disputed or controverted by the State and we are therefore justified in finding that this 65-year-old man, as a result of the fall of six and one-half feet landing on his back, suffered a compressed fracture of the first lumbar vertebra which necessitated his

confinement to a hospital for approximately one month, thereafter at home in bed for an additional five weeks; that it was necessary for him to wear a brace, presumably a back brace, for approximately six months and the doctor who saw him in December, 1956, approximately one year and a half following the accident, stated that the fracture which was healed and possibly an aggravation of osteoarthritis disabled him to the extent of approximately 50% and that he lost time from his employment.

The testimony shows that the doctor bills were $225; hospital bill $424.16; that he was working, earning $45 to $50 per week and that he had a life expectancy of 11.10 years.

The judgment of the Court of Claims should be reversed on the law and the facts, and judgment should be entered in favor of the claimant in the amount of $9,649.16.

BERGAN, J. P., COON and GIBSON, JJ., concur; REYNOLDS, J., dissents, and votes to affirm the judgment of the Court of Claims in all respects.

Judgment of the Court of Claims reversed on the law and the facts and judgment granted in favor of the claimant in the amount of $9,649.16.