## THIRD DEPARTMENT, APRIL, 1964

## (April 2, 1964)

■ JAMES E. SMITH, JR., an Infant, by JAMES E. SMITH, His Guardian ad Litem, et al., Appellants, v. CITY OF SCHENECTADY et al., Respondents.— In actions founded in negligence and nuisance the infant plaintiff and his

parent appeal from a judgment of the Supreme Court at Trial Term entered upon jury verdicts of no cause of action and from the order which denied their motions to set aside the verdicts upon the grounds that they were contrary to law and to the evidence (Civ. Prac. Act, § 549; CPLR 4404). Michigan Avenue, a public street in the City of Schenectady, about 40 feet in width, was bisected by a mall three feet wide through the approximate center of which the defendant public utility corporations, with the consent of the defendant city, had constructed and for many years maintained a series of poles on which their service lines were strung, the most northerly of which was supported by attached guy wires extending downward to a point near the northerly edge of the mall where they were anchored. Shortly after midnight on January 5, 1957 the infant plaintiff was operating his automobile in a southerly direction on the public thoroughfare. According to his testimony and that of two companions he turned the vehicle to the left to pass a car parked adjacent to the west curb whereupon it skidded on an icy spot in the roadway, ran up the guy wires and overturned. Plaintiff driver was familiar with the accident scene; the prevailing atmospheric conditions were in dispute; there was proof from which it might permissibly be inferred that no vehicle was so positioned in the street as to require a change of course of the car. The jury was not bound to credit plaintiffs' evidence that immediately before the skidding incident its speed did not exceed 20 miles per hour. The issue of contributory negligence was for the determination of the jury. We think, too, that jury questions were presented as to whether the guy wires were so located and maintained as to endanger the safety of the traveling public or to create a nuisance. Moreover, since no motions for directed verdicts were made by plaintiffs they must be deemed so to have conceded. (*Kluttz* v. *Citron*, 2 N Y 2d 379, 382.) It does not appear that the jury could not have reached the verdicts' result on a fair interpretation of the evidence. The trial court did not err in refusing to charge as plaintiffs requested that " if the jury should find that a dangerous condition existed either on the theory of negligence or nuisance, then it was the duty of these defendants, all of them, to give adequate warning, because that is a joint obligation." In the charge in chief, to which no exception was taken, the jury had been instructed that the proof would permit a finding of joint or several liability on the part of defendants. As the court observed in explaining its refusal to grant the request on the language employed, it would be incompatible with its prior instruction to impose an admonitory duty upon a defendant which could be found not to have been legally responsible for any existent dangerous condition in the public highway. The court's unexcepted to instructions on the subject of nuisance — now asserted to have been inadequate — became the law of the case and are not reviewable upon appeal. (*Brown* v. *Du Frey*, 1 N Y 2d 190, 195.) The proof concerning previous accidents was offered by plaintiffs for the limited purpose of establishing notice. Judgment affirmed, without costs. Gibson, P. J., Herlihy, Aulisi and Hamm, JJ., concur.