■ HELEN MAJURY, Appellant, v. EDMUND NILES HUYCK PRESERVE, INC., Respondent.— STALEY, JR., J. Appeal from a judgment of the Supreme Court in favor of defendant, entered June 12, 1968 in Albany County, upon a dismissal of the complaint by the court at a Trial Term, following a declaration of a mistrial by the court upon the grounds that the jury was hopelessly deadlocked. On August 22, 1963 at about 6 o'clock in the evening, plaintiff went to defendant's preserve for a picnic. The preserve was open to the public, having been established about 1930 for the purpose of a wildlife preserve, and to protect the land for the enjoyment and pleasure of the Community of Rensselaerville. Trails were laid out in keeping with the natural terrain. The

general public was admitted without charge to view the wildlife, or to picnic along Ten Mile Creek. From the parking lot there is a path leading to the creekbed, a trail leading to Rensselaerville Falls, and a bridge across the creek. At the beginning of the trail leading to the falls, there was a sign advising the users of the preserve that " These Falls are on private property. A foot bridge has been built at the point from which the best view of the whole falls may be seen and paths have been made leading to the top of the falls. In some places these paths are narrow, steep, slippery and are built along the top of high ledges. All who use them should walk carefully. Children should not be allowed to use the paths unless older persons are with them. All who visit the falls do so at their own risk as owners assume no responsibility." This sign can be seen from the parking lot. Upon parking their car plaintiff and her friends proceeded to the picnic area. Later plaintiff and a 10-year-old girl decided to take a walk. Plaintiff, who had been at the preserve on prior occasions saw the trail, but elected to follow the brook, which at this time of the year was very low, enabling them to walk on various large flat rocks. They eventually came to the bridge whereupon they decided to move closer to the falls. They then crossed the bridge, turned left, and continued along a path which sloped down towards the stream. They. walked along this path which consisted of hardpacked dirt for about 20 feet to a point where it was rocky, consisting of little rocks and shale with some leaves. Plaintiff admitted that she noticed that the terrain had changed, and that the area was wet. They proceeded along this path to a point where plaintiff . testified " my feet started going out from under me and I was trying to regain my footing, but it was like a down grade and there were large pieces of shale, and there were slippery leaves, and my feet went out from under me and I could hear the rock falling away and I couldn't regain my step and I was going downward and fell forward in a vertical position." Plaintiff further stated that she landed " perhaps three feet below where I skidded off this slippery surface." As a result plaintiff fractured her right ankle. The record also indicates that it was clear and bright at the time of the accident; that plaintiff had no difficulty in seeing and that she was wearing sneakers and glasses. Plaintiff contended that the area in question was unsafe, improperly maintained and constituted a trap. At the conclusion of the testimony, defendant moved to dismiss the complaint for failure of proof and the court reserved decision. The court charged the jury that plaintiff was an invitee, and defendant owed her a duty of reasonable care. The jury then became hopelessly deadlocked and the court declared a mistrial. Subsequently the court granted defendant's motion to dismiss saying: " Even affording her the status of an invitee, it cannot be concluded that plaintiff has shown that a dangerous condition existed and this is a material element of her cause of action." A court is justified in directing a verdict in favor of a party when it finds that by no rational process could the trier of the facts base a finding in favor of the other party upon the evidence presented and hence, as a matter of law, the party was not entitled to recover. (Blum v. Fresh Grown Preserve Corp., 292 N. Y. 241.) Applying this principle here, the court could have found that by no rational process could the jury base a finding of negligence on the part of the defendant upon the evidence presented. The negligence of defendant, however, is not the only factor present in the case. The question of contributory negligence of plaintiff must also be considered and the same principle applied. The exhibits indicate that any hazards in the path were readily visible, and plaintiff testified she had no difficulty in seeing. She also testified that she proceeded along this path knowing that it was wet and covered with small rocks, shale and leaves. While such conditions might be considered a trap to the unwary it cannot be so considered as to one who proceeds with full

knowledge of the conditions existing. While recovery has been permitted in several cases involving defective pathways and trails and other conditions, these cases involved conditions not visible or readily apparent. (*Nichols* v. *State of New York*, 286 App. Div. 281; *Malvaso* v. *State of New York*, 15 Misc 2d 585, affd. 10 A D 2d 663; *Burkart* v. *State of New York*, 50 Misc 2d 912, affd. 28 A D 2d 1167.) They thus differ materially from this case where the conditions were readily visible and known to plaintiff. In our opinion plaintiff was guilty of contributory negligence, as a matter of law, and the judgment must be affirmed. Judgment affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., and Cooke, JJ., concur in memorandum by Staley, Jr., J.