■ DANIEL S. DIVEN, an Infant, by His Father, HARRY S. DIVEN, et al., Appellants, v VILLAGE OF HASTINGS-ON-HUDSON et al., Defendants, and STEFAN CHOMYCK et al., Respondents.— In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Nastasi, J.), entered January 7, 1988, which granted the motion of the respondents for summary judgment dismissing the complaint as against them.

Ordered that the order is modified, on the law, upon searching the record, by adding thereto a provision dismissing all cross claims asserted against the respondents; as so modified, the order is affirmed, without costs or disbursements.

The infant plaintiff was seriously injured when he fell from a cliff located somewhere (the precise location is not clear) in the vicinity of the boundary between the property of the respondents and the property of the codefendant, the Village of Hastings-On-Hudson (hereinafter the Village). The plaintiffs seek to impose liability on the respondents on the theory that they were negligent in failing to erect a fence so as to prevent children from coming from the Village's property (which was operated as a park) onto their property, and that such negligence caused the injuries suffered by the infant plaintiff. The Supreme Court granted summary judgment in favor of the respondents, and dismissed the complaint as to them.

In this case, the infant plaintiff had decided, along with a group of his friends, to climb to the top of the cliff. His friends arrived at the top of the cliff, as had the infant plaintiff himself on several prior occasions, by way of a dirt path. The infant plaintiff, taking a different route, scaled the face of the cliff itself. After spending several minutes on the top of the cliff, the infant plaintiff attempted to descend, again by climbing down the face of the cliff. According to the infant plaintiff, "I was climbing down the cliff and I just slipped".

In general, landowners have a duty to prevent the occurrence of foreseeable injuries *(see generally, Preston v State of New York,* 59 NY2d 997; *Basso v Miller,* 40 NY2d 233; *Scurti v City of New York,* 40 NY2d 433). It is considered foreseeable that children will enter upon premises and "climb about and play" *(Collentine v City of New York,* 279 NY 119, 125), often in ways that imperil their safety *(see, e.g., Holtslander v Whalen & Sons,* 126 AD2d 917, 919-920, *mod on opn of Levine, J., at App Div,* 70 NY2d 962; *see also, Cruz v New York City Tr. Auth.,* 136 AD2d 196). What accidents are reasonably foreseeable, and what preventive measures should reasonably be taken, are ordinarily questions of fact *(see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315; *Bahan v Green Bus Lines,* 96 AD2d 876, *affd* 61 NY2d 922). Liability may be imposed upon a landowner who fails to take reasonable precautions in order to prevent those accidents which might foreseeably occur as the result of dangerous terrain *(see, e.g., Morell v Peekskill Ranch,* 104 AD2d 492, 493-495 [dissenting opn], *revd* 64 NY2d 859, *on dissent of Rubin, J.; Malvaso v State of New York,* 15 Misc 2d 585, *affd* 10 AD2d 663; *see also, Burkart v State of New York,* 28 AD2d 1167; *Harran v State of New York,* 9 AD2d 31).

However, a landowner has no duty to erect barriers or fences in order to enclose natural geographical phenomena which do not in some way represent latent dangers or conditions, so as to prevent persons coming upon the land from injuring themselves by entering onto the condition in question *(see, Barnaby v Rice,* 75 AD2d 179, *affd* 53 NY2d 720, *on opn at App Div; see also,* Annotation, *Duty of landowner to erect fence, or other device to deter trespassing children from entering third person's property on which dangerous condition exists,* 39 ALR2d 1452; 4B Warren, New York Negligence, Fences, § 1.01; *cf., Scurti v City of New York,* 40 NY2d 433, *supra).* In the instant case, the infant plaintiff's own deposition testimony establishes conclusively that any danger represented by the cliff in question was open and obvious, rather than latent. The cliff at issue is no different in legal consequences from the river in the *Barnaby v Rice* case *(supra),* and no tort liability flows from the landowner's failure to enclose the cliff in question.

Accordingly, we affirm the grant of summary judgment dismissing the complaint as against the respondents. The order under review should, however, be modified *(see,* CPLR 3212 [b]) so as to dismiss not only the complaint as asserted against the respondents, but the cross claims of the Village as

well. Because the respondents cannot be held liable to the plaintiffs on any theory, they cannot be liable to the Village on the basis of contribution *(see,* CPLR 1401; *Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.,* 71 NY2d 599, 603; *Schauer v Joyce,* 54 NY2d 1, 5). Bracken, J. P., Kunzeman, Kooper and Balletta, JJ., concur.