■ LUIS GARCIA, Appellant, v CITY OF NEW YORK, Respondent.—Judgment, Supreme Court, Bronx County (Jack Turret, J.), entered November 30, 1989, based upon a jury verdict of $20,000, with culpability apportioned 60% against plaintiff and 40% against defendant, unanimously affirmed, without costs.

Plaintiff was injured when he stepped into an empty sidewalk tree well. It was still daylight (7 o'clock on a July evening), and there is no indication that the hazard had been

concealed in any way. Plaintiff admitted that his attention had been distracted at the time by an altercation taking place across the street. The jury had a right to consider all factors *(Moran v City of New York,* 153 AD2d 607), including the pedestrian's disregard of a hazard that could have been avoided by the reasonable exercise of prudence and caution *(McFarlane v City of Niagara Falls,* 247 NY 340, 347).

Plaintiff's counsel is permitted, in summation, to suggest to the jury an amount believed to be appropriate compensation for the injury *(Tate v Colabello,* 58 NY2d 84), and in some cases is allowed to state the amount demanded in a negligence complaint. This general rule does not pertain in an action against a municipal corporation, for the simple reason that CPLR 3017 (c) prohibits an ad damnum clause in such a complaint in the first place. Even the suggestion of a reasonable amount has met with mixed approbation in departments of the Appellate Division, in analogous medical malpractice situations *(see, McDougald v Garber,* 73 NY2d 246, 258, n). Here, the trial court adopted the more liberal approach of permitting plaintiff to suggest a reasonable figure to the jury, but correctly denied the right to make any reference to the level of damages demanded in the pleadings, in contravention of CPLR 3017 (c).

We find the jury's total award of damages, and its apportionment of culpability, to have been adequately supported in the record. Concur—Milonas, J. P., Rosenberger, Kassal and Rubin, JJ.