■ JOHN J. ZMIESKE, Appellant, v STATE OF NEW YORK, Respondent.—Mikoll, J. P. Appeal from a judgment in favor of the State, entered December 13, 1990, upon a decision of the Court of Claims (McCabe, Jr., J.).

Claimant sued the State for damages resulting from personal injuries sustained on July 23, 1987 when he dove head first into Kinderhook Creek from a bridge spanning the creek owned by the State and located in the Town of Nassau, Rensselaer County. The gravamen of claimant's claim is that the State was negligent in failing to perform its duty to supervise the performance of reconstruction work on the bridge in violation of Highway Law § 40. It is contended by claimant that contractors in the employ of the State dumped large pieces of rock and concrete into the creek beneath the bridge, thereby reducing the water level from approximately 11 feet to 6 feet, resulting in claimant's injuries. The contract forbade the dropping of waste, concrete, debris and other material into the area below the bridge and the State engineer charged with determining whether the terms of the contract were being followed was mandated to suspend the work if adequate protection was not provided.

The Court of Claims held adversely to claimant on the threshold issue of whether the State dumped material into the creek, thereby lowering its water level. The court found that claimant failed to prove that the lowered level of the creek was due to dumping by the State and concluded that the low water level was likely attributable to drought-like weather preceding the accident. On the question of whether the State was negligent in failing to supervise construction work which called for the installation of "No Climbing Diving" signs, the court found that signs were installed on the bridge pursuant to the contract terms and that the sign warning not to dive was in place on the day of the accident. The court declined, in view of its findings, to determine the applicability of Highway Law § 40 to the claim. Claimant's belated claim, first raised in a posttrial brief, that the State's failure to erect a barrier or safeguards to prevent persons from diving from the bridge was dismissed for failure to establish any standard as to barriers vis-à-vis bridges in the record.

We conclude that the Court of Claims did not err in entering judgment in favor of the State. The State, as owner of the

bridge, had a duty to exercise reasonable care under the circumstances in its maintenance of the bridge to protect foreseeable users thereof *(see, Preston v State of New York,* 59 NY2d 997, 998; *Mesick v State of New York,* 118 AD2d 214, 217, *lv denied* 68 NY2d 611). The State's knowledge of use of the bridge for diving put it on notice of the activity. Claimant's presence on the bridge was thus foreseeable and, as such, the State owed a duty of care to claimant. The record fails, however, to establish a breach of duty to claimant either by activities resulting in the lowering of the water level or in any failure to post adequate warning signs. Such posting was a reasonable attempt to warn and safeguard claimant. We find no further responsibility required of the State *(cf., Mesick v State of New York, supra,* at 217-218).

As to claimant's belated contention that barriers were required to prevent diving into the creek, it is well settled that "a landowner has no duty to erect barriers or fences in order to enclose natural geographical phenomena which do not in some way represent latent dangers or conditions" *(Diven v Village of Hastings-On-Hudson,* 156 AD2d 538, 539). Here, the danger in diving from the bridge was obvious. Absent proof of a latent dangerous condition, no duty on the State to erect barriers was established.

Yesawich Jr., Levine, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.