■ COLIN DART, Individually and as Parent and Natural Guardian of KATHLEEN DART, an Infant, Appellant, v JACK N. SOLOMON et al., Individually and as Trustees of a Trust Made

by ESTHER BROWN, et al., Respondents, et al., Defendants. [619 NYS2d 817] —Peters, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Nicolai, J.), entered February 2, 1993 in Westchester County, which granted motions by various defendants for summary judgment dismissing the complaint against them.

In March 1990, plaintiff's daughter, Kathleen Dart, suffered an injury when she was rock climbing on property located in Westchester County. In 1972, the property, consisting of 77.5 acres of undeveloped land, was conveyed by Esther Brown to Seymour Arkawy and defendants Jack N. Solomon and Sinclair Korman to hold in trust for 12 beneficiaries which included defendants Alan Arkawy, Susan Arkawy (hereinafter collectively referred to as the Arkawys), Natalie Solomon and Martha Korman. Brown reserved a life estate for herself, leaving the remainder interest to the trust. Seymour Arkawy died in 1989 and the Arkawys became the executors of his estate. Seventeen days after Dart's accident, the property was conveyed to defendant 37 Croton Dam Road Corporation (hereinafter Croton). In June 1987, prior to purchasing the property, defendant Val Santucci, president of Croton, retained the services of defendant Stanley J. Lander to inspect the property to see if it was suitable for development. Lander caused percolation tests to be performed in April and May 1989.

Plaintiff sued Lander alleging liability for negligent performance of the percolation tests since, as engineer, he was responsible for supervising any construction that occurred on the property. Jack Solomon and Sinclair Korman were sued in their capacities as the legal owners at the time of the accident, with the Arkawys sued as executors of Seymour Arkawy's estate. Natalie Solomon, Martha Korman and the Arkawys were similarly sued in their capacities as beneficiaries under the trust. Plaintiff contended that the trust was not a true trust and therefore these defendants were, in fact, the true legal owners of such property at the time of the accident.

Certain of the defendants moved for summary judgment. Lander contended that there was no proof that the work he did for Croton was in the vicinity of the accident while Martha Korman, Natalie Solomon and the Arkawys contended that they were only beneficiaries under the trust and therefore not the legal owners of such property. Sinclair Korman and Jack Solomon contended that as landowners, they were neither liable under common-law principles nor

General Obligations Law § 9-103. A separate motion was brought by the Arkawys, as executors of Seymour Arkawy's estate, contending that once Seymour Arkawy died, his share of the trust vested immediately in the remaining trustees as joint tenants. Thus, they contended that they were not owners of the property when the accident occurred. Supreme Court granted all motions, prompting this appeal by plaintiff.

We agree that Supreme Court properly granted summary judgment in favor of Jack Solomon and Sinclair Korman, as landowners of the property, and the trustees. While plaintiff is correct that landowners owe a duty to prevent the occurrence of foreseeable injuries *(see, Preston v State of New York,* 59 NY2d 997) and that it is considered foreseeable that children will enter upon premises to "'climb about and play'" *(Diven v Village of Hastings-On-Hudson,* 156 AD2d 538, 539, quoting *Collentine v City of New York,* 279 NY 119, 125), it is also well settled that property owners are not required to enclose natural geographical phenomena which present "open and obvious, in contrast to latent, dangers" *(Casela v City of Troy,* 161 AD2d 991). As noted by the Court in *Diven v Village of Hastings-On-Hudson (supra),* "a landowner has no duty to erect barriers or fences in order to enclose natural geographical phenomena which do not in some way represent latent dangers or conditions, so as to prevent persons coming upon the land from injuring themselves by entering onto the condition in question" *(supra,* at 539).

While there may have been construction equipment on the property or even actual construction, there was no evidence of either equipment or construction in the vicinity of the accident. The evidence revealed that the area remained in its natural state. Hence, we find that Supreme Court correctly concluded that both the landowners and the trustees made a prima facie showing of entitlement to summary judgment and that such showing was not sufficiently overcome by plaintiff's conclusory assertions *(see, Jordan Mfg. Corp. v Zimmerman,* 169 AD2d 815). Accordingly, we need not address the applicability of General Obligations Law § 9-103 (1) (a).

As to Lander, the evidence revealed that Croton hired Lander to design the road, drainage and sanitary systems for the proposed development. While Lander was present when percolation tests were performed on the lot where Dart's injury occurred, we find no evidence that the holes dug for such test affected the area of the accident or that Lander controlled the project in any manner. Since plaintiff failed to present any evidence relating the percolation tests to the

falling rock or that Lander was in any way involved in construction activity on the property, we find that Lander made a prima facie showing of entitlement to summary judgment as a matter of law *(see, Abdur-Rashid v Consolidated Rail Corp.,* 135 AD2d 208, *lv denied* 72 NY2d 807).

We further find that Supreme Court properly awarded summary judgment to the Arkawys being sued as executors of Seymour Arkawy's estate since they had no legal interest in the property. In light of our conclusions, it is not necessary to address plaintiff's remaining arguments.

Cardona, P. J., Mercure and White, JJ., concur. Ordered that the order is affirmed, with one bill of costs.