OPINION OF THE COURT
Ralph A. Beisner, J.
*569 Motion by defendant for an order pursuant to CPLR 3212 granting summary judgment in its favor and against the plaintiff and dismissing plaintiff’s complaint is denied, and plaintiff’s cross motion for an order striking defendant’s defense based on General Obligations Law § 9-103 is granted and this defense is stricken.
In this action plaintiff seeks damages for injuries allegedly sustained in an accident which occurred on August 31, 1992 on premises known as the Harlem River Rail Trail. These premises are owned by the defendant County of Dutchess. On the date in question the infant plaintiff fell from a trestle situated on the premises.
Defendant now moves for an order pursuant to CPLR 3212 granting summary judgment in its favor and against the plaintiff and dismissing plaintiff’s complaint on the ground that the County of Dutchess is not liable to the plaintiff because of the application of General Obligations Law § 9-103. Plaintiff cross-moves for an order striking the affirmative defense based upon General Obligations Law § 9-103.
General Obligations Law § 9-103 (1) provides: "a. an owner, lessee or occupant of premises * * * owes no duty to keep the premises safe for entry or use by others for hunting, fishing, organized gleaning * * * canoeing, boating, trapping, hiking, cross-country skiing, and tobogganing, sledding, speleological activities, horseback riding, bicycle riding, hang gliding, motorized vehicle operation for recreational purposes, snowmobile operation, cutting or gathering of wood for non-commercial purposes or training of dogs, or to give warning of any hazardous condition or use of or structure or activity on such premises to persons entering for such purposes”.
The statute grants immunity for ordinary negligence to landowners who permit members of the public to come on their property to engage in the enumerated recreational activities (Bragg v Genesee County Agric. Socy., 84 NY2d 544, 546-547). The sole purpose of General Obligations Law § 9-103 is to induce property owners, who might otherwise be reluctant to do so for fear of liability, to permit persons to come on their property to pursue specified activities (Ianotti v Consolidated Rail Corp., 74 NY2d 39, 43). Although the statute in its original form applied only to hunting, fishing, trapping and training dogs, the Legislature has amended the statute several times to greatly expand the recreational activities to which the statute applies (see, Bragg v Genesee Agric. Socy., 84 NY2d 544, 548-549, supra). Defendant argues that the infant plaintiff was engaged in one of the enumerated activities, to wit, hiking.
*570 It is undisputed that on August 31, 1992, the infant plaintiff, who was then seven years old, went with her mother and her brother to an ice cream store in Millerton, New York. The plaintiff and her brother left the ice cream store and walked approximately 500 to 600 feet behind the store to play on the unused train trestle. At the trestle the plaintiff chased a squirrel while her brother played with a soccer ball. When she was trying to pet the squirrel, the plaintiff fell from the trestle onto rocks and an abandoned shopping cart, sustaining injury.
According to defendant, in order for the plaintiff to have gotten onto the trestle’s concrete abutment, she would have had to cross a grassy field in back of the ice cream store, gone up a path to the railbed which was 5 or 6 feet above ground level and gone along the railbed to the trestle. Defendant, relying on Sega v State of New York (60 NY2d 183, 193), argues that plaintiff’s activity constitutes hiking because she was walking through the woods on foot. The plaintiff in Sega, however, was a counselor to a group of teenage hikers and had, after walking through the woods for about two hours, arrived at the location where the accident occurred (Sega v State of New York, 89 AD2d 412, 413, affd 60 NY2d 183, supra). The plaintiff at bar had merely walked a few hundred feet through a field to play on the unused trestle, and was not walking through the woods in the same sense as was the plaintiff in Sega.
The court’s research has disclosed only one reported opinion which specifically addressed the issue of what constitutes hiking. In Guillet v City of New York (131 Misc 2d 578), the plaintiff was walking through a remote, wooded and undeveloped part of Inwood Park in Manhattan where she had gone to photograph some caves. The Supreme Court, New York County, determined that the question whether the plaintiff was engaged in hiking was a fact question to be determined by a jury. Relying on a California appellate ruling, the court instructed the jury on the definition of hiking by explaining, in part, that hiking means more than merely walking and connotes the taking of a long walk for pleasure or exercise (Guillet v City of New York, supra, 131 Misc 2d, at 580).
The infant plaintiff in the within action was not taking a long walk; she had entered the defendant’s premises with her brother to play. When interpreting a statute, "words of ordinary import are to be construed according to their ordinary and popular significance, and are to be given their ordinary and usual meaning.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 232.) The fact that plaintiff had to walk 500 to 600 *571 feet through a field to reach the trestle is not enough to transform her activity into hiking. The Legislature could have, but did not, make General Obligations Law § 9-103 applicable to all recreational activities. While the infant plaintiff may have walked to the scene of the accident, the court finds that she was not hiking as that term is commonly understood (see, Cramer v Henderson, 120 AD2d 925).
Thus, General Obligations Law § 9-103 is inapplicable and plaintiff’s cross motion for an order striking the affirmative defense that this action is barred by General Obligations Law § 9-103 is granted and that affirmative defense is stricken.
Defendant has moved for summary judgment solely on the ground that this action is barred by General Obligations Law § 9-103 and, because the court has found that statute to be inapplicable, defendant’s motion is denied.