■ Mary R. Coote, an Infant, et al., Appellants, v Niagara Mohawk Power Corporation, Respondent. [651 NYS2d 799] —Or-

der unanimously affirmed without costs. Memorandum: On April 1, 1981, plaintiffs' daughter, then a 17-year-old senior in high school, skipped school on "senior skip day" and went with her classmates to a class party at Trenton Falls Gorge. The gorge is on property owned by defendant, Niagara Mohawk Power Corporation (NIMO), which operates a hydro station on another portion of the property. The gorge is a scenic area and attracts visitors despite NIMO's efforts to keep trespassers away. Plaintiffs' daughter and her classmates had climbed down a steep rocky path into the gorge and were drinking beer, eating snacks and listening to music. NIMO employees became aware of the presence of trespassers in the gorge and told two students to convey to their classmates the message that they must leave or be subject to arrest for trespass. As plaintiffs' daughter climbed up the rocky path to leave the gorge, she lost her footing and fell, sustaining serious injuries.

Plaintiffs commenced this action against NIMO alleging that NIMO was negligent in failing to warn their daughter of a dangerous condition and in failing to fence off or otherwise prevent access to the gorge. NIMO moved for summary judgment dismissing the complaint on the ground that it was immune from liability for negligence pursuant to General Obligations Law § 9-103. NIMO argued in the alternative that it owed no duty to plaintiffs' daughter to provide warnings or to fence in the gorge. Supreme Court concluded that, at the time she sustained injuries, plaintiffs' daughter was hiking, one of the recreational activities enumerated in General Obligations Law § 9-103 (1) (a). The court further concluded as a matter of law that NIMO's conduct was neither willful nor malicious (*see,* General Obligations Law § 9-103 [2] [a]) and that NIMO was entitled to immunity from liability for negligence pursuant to General Obligations Law § 9-103 (1) (a).

We agree with plaintiffs that the court erred in concluding as a matter of law that their daughter was engaged in hiking (*see, Gough v County of Dutchess,* 167 Misc 2d 568; *Guillet v City of New York,* 131 Misc 2d 578). We conclude that the complaint was properly dismissed, however, because NIMO owed no duty to plaintiffs' daughter under these circumstances. It is well settled that "a landowner has no duty to erect barriers or fences in order to enclose natural geographical phenomena which do not in some way represent latent dangers or conditions, so as to prevent persons coming upon the land from injuring themselves by entering onto the condition in question" (*Diven v Village of Hastings-on-Hudson,* 156 AD2d 538, 539; *see also, Plate v City of Rochester,* 217 AD2d 984, *lv denied*

87 NY2d 801; *Dart v Solomon,* 210 AD2d 581, 583; *Zmieske v State of New York,* 180 AD2d 894, 895; *Tarricone v State of New York,* 175 AD2d 308, *lv denied* 78 NY2d 862). The Trenton Falls Gorge is a natural geographical phenomenon, the danger of which is open and obvious rather than latent. Plaintiffs' daughter was aware that the path to the gorge was steep and rocky. The dangerous condition that caused her injuries was not a latent or concealed danger and NIMO owed no duty to warn her of it. (Appeal from Order of Supreme Court, Oneida County, Shaheen, J.—Summary Judgment.) Present—Green, J. P., Pine, Callahan, Doerr and Davis, JJ.