◼ ALYSSA DUNBAR, an Infant, by REBECCA BLAIR, as Her Mother and Guardian, et al., Respondents, v NMM GLENS FALLS ASSOCIATES, L. L. C., et al., Appellants. [693 NYS2d 746] —Cardona, P. J. Appeal from an order of the Supreme Court (Dier, J.), entered June 9, 1998 in Warren County, which denied defendants' motions for summary judgment dismissing the complaint.

This action arises out of injuries sustained by the infant plaintiff when she jumped from the top of a metal box enclosing a transformer owned by defendant Niagara Mohawk Power Corporation (hereinafter NiMo) at the apartment complex where she resided. The infant, who was seven years old, allegedly caught her pant leg on a metal hook protruding from the side of the enclosure and struck a concrete pad below, fracturing her arm. Her mother subsequently commenced this action individually and on behalf of the infant against NiMo and the owner of the apartment complex, defendant NMM Glens Falls Associates, L. L. C. (hereinafter NMM). Following joinder of issue, NiMo and NMM moved for summary judgment dismissing the complaint, which Supreme Court denied.

Initially, landowners have a duty to keep their property in a reasonably safe condition to prevent foreseeable injuries (*see, Basso v Miller*, 40 NY2d 233, 241; *Dart v Solomon*, 210 AD2d 581, 583). "Consistent with that duty, the degree of care to be exercised must take into account the known 'propensity' of children 'to roam and climb and play' " (*Leone v City of Utica*, 66 AD2d 463, 466, *affd* 49 NY2d 811, quoting *Collentine v City of New York*, 279 NY 119, 125; *see, Dart v Solomon, supra*, at 583; *Holtslander v Whalen & Sons*, 126 AD2d 917, 919 [Levine, J., concurring in part and dissenting in part], *mod on concurring in part and dissenting in part mem below* 70 NY2d 962).

Notably, "[w]hat accidents are reasonably foreseeable, and what preventive measures should reasonably be taken, are ordinarily questions of fact" (*Diven v Village of Hastings-On-Hudson*, 156 AD2d 538, 539).

NMM asserts, *inter alia*, that, as a matter of law, it did not breach its duty to maintain its property in a reasonably safe condition because the manner in which the accident occurred was not foreseeable and there was no proof that it knew or should have known that children were playing on the transformer. Inasmuch as the record discloses unresolved questions of fact concerning NMM's breach of duty, we find that Supreme Court properly denied its motion for summary judgment. The photographs of the transformer enclosure reveal that it was slightly taller than the infant and the top of the enclosure could be reached by a child by the use of protrusions, including metal hooks, extending from its sides. The metal hooks were positioned in such a manner that they could easily catch the clothing of children descending from atop the transformer box. According to the testimony of a NiMo representative, the metal hooks served no purpose other than to assist in the transport and installation of the box. Although NMM's manager testified that she did not personally observe children playing on the boxes nor any children injured thereon, certain residents, including the infant's parents, averred that they had observed children climbing on the transformer boxes and that NMM's management had warned children not to climb on the boxes. Under these circumstances, plaintiffs should be permitted to present proof at trial of the accident's forseeability (*see, Holtslander v Whalen & Sons, supra*, at 919-920) and proof that NMM had constructive notice of the hazardous condition posed by the transformer boxes (*see, e.g., O'Connor-Miele v Barhite & Holzinger*, 234 AD2d 106).

Similarly, we find that NiMo's motion for summary judgment was properly denied. We note that because NiMo furnished the instrumentality that allegedly caused the infant's injury, notice need not be established. Given that the transformer box with protruding metal hooks was placed in an unsecured location in an apartment complex frequented by children, there is a question of fact as to whether NiMo breached its duty of care (*see, e.g., Smith v City of Schenectady*, 20 AD2d 932, 933). We have considered defendants' remaining contentions and find them to be without merit.

Mikoll, Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, with costs.