■ HECTOR TAGLE, Respondent, v DONNA JAKOB, Appellant, et al., Defendant. [712 NYS2d 681] —Cardona, P. J. Appeal from that part of an order of the Supreme Court (Castellino, J.), entered September 16, 1999 in Schuyler County, which denied defendant Donna Jakob's motion for summary judgment dismissing the complaint against her.

Defendant Donna Jakob (hereinafter defendant) is the owner of a one-family residence located in the Town of Reading, Schuyler County, which she leased to Betty Roy on or about May 31, 1996. In 1945, defendant New York State Electric and Gas Corporation (hereinafter NYSEG) acquired a 10-foot easement in the rear of the premises for maintenance of utility poles and overhead wires. On June 9, 1996, the wires ran through a large pine tree located within the boundaries of that easement. On that day, plaintiff, then 16 years old, was a guest at a barbeque hosted by Roy in the backyard. While climbing the tree, plaintiff came into contact with live wires and fell approximately 25 feet sustaining injuries. He commenced this negligence action against defendant and NYSEG. Following joinder of issue, defendant moved for summary judgment

dismissing the complaint against her on the ground, *inter alia*, that the instrumentality causing plaintiff's injury was wholly within NYSEG's control as it was located exclusively within the easement granted to NYSEG. Supreme Court denied the motion resulting in this appeal.

We note that the owner of a dominant estate in an easement is responsible for maintaining and repairing the easement (*see, Raksin v Crown-Kingston Realty Assocs.*, 254 AD2d 472, 473, *lv denied* 94 NY2d 751). In contrast, "[a] servient owner is under no obligation to construct means for the enjoyment of the easement, and is not under any duty to make any repairs to the easement, absent an agreement to the contrary" (*ibid.*; *see, Green v Mann*, 237 AD2d 566, 568; *Cesario v Chiapparine*, 21 AD2d 272, 279). "In the absence of any obligation to maintain or repair the easement, the [servient owner's] only duty is to refrain from unreasonably interfering with the exercise of the right to the use of the easement by the owner of the dominant estate" (*Green v Mann, supra*, at 568).

As previously noted, the utility wires which caused plaintiff's injury passed through the large pine tree located within the confines of NYSEG's easement. The instrument conveying the easement did not contain any covenants obligating the grantor to maintain or repair it. The proof indicated that NYSEG exclusively. maintained the easement. In June 1990, NYSEG contracted and bore the expense of having the pine tree trimmed. Before trimming the tree, NYSEG did not notify defendant or obtain her permission to enter upon the property. Following plaintiff's accident, Roy inquired of defendant whether she could have her boyfriend cut down the tree. Defendant responded that she would need NYSEG's permission. NYSEG ultimately arranged to have the pine tree topped to expose the utility wires. In view of NYSEG's exclusive control of the easement and maintenance of the pine tree located therein, together with defendant's status as owner of the servient estate and her responsibilities in connection with that ownership, we find that defendant was entitled to summary judgment dismissing the complaint against her. In light of our disposition, we need not address defendant's remaining claims.

Mercure and Rose, JJ., concur.

Spain, J. (dissenting). We respectfully dissent. Although defendant Donna Jakob (hereinafter defendant) may not have an obligation as the property owner to repair the defective condition created by the electric company's use of the easement, we do not believe—under these circumstances—that the property owner was relieved of all responsibility for the safety of visitors.

In *Basso v Miller* (40 NY2d 233), the Court of Appeals established "[t]he single standard of reasonable care under the circumstances whereby foreseeability shall be a measure of liability" (*id.*, at 241). Here, although the dangerous condition was in a tree within the easement, the tree was on defendant's land and, more importantly, it was readily accessible to anyone using the play area of the lawn on defendant's property. With regard to natural features which create an open and obvious danger, case law demonstrates that a landowner has no duty to warn (*see, Coote v Niagara Mohawk Power Corp.*, 234 AD2d 907, 908) or to erect a barrier (*see, Cullen v Lake Placid Vacation Corp.*, 221 AD2d 854, 855). This same case law, however, acknowledges that the result would be different where the danger is latent, rather than open and obvious.

While the ordinary risks posed by climbing a tree might be open and obvious (*cf., Dart v Solomon*, 210 AD2d 581, 583), in our view there is evidence in the record from which a jury could conclude that the wires running through the branches of the tree created an increased risk of harm which was latent, rather than open and obvious. Consideration of the well-known propensity of children to climb and play (*see, e.g., Dunbar v NMM Glens Falls Assocs.*, 263 AD2d 865) and a weighing of the likelihood and severity of the potential injury against the burden on the landowner to avoid the risk (*see, Kush v City of Buffalo*, 59 NY2d 26, 29-30) leads us to the conclusion that a jury should be permitted to determine whether defendant exercised reasonable care under the circumstances by failing to take any measure to protect children on the property from the latent danger posed by the wires running through the tree (*see, Scurti v City of New York*, 40 NY2d 433, 442). Notably, the cases upon which the majority relies—for the proposition that the owner of the servient estate has no duty to maintain or repair the property covered by the easement—involve injuries sustained by persons who were using an easement for its intended purpose, which is not so in this case. As the evidence discloses unresolved issues regarding defendant's control over the premises, her actual or constructive notice of the dangerous condition and plaintiff's comparative fault, we believe these are factual issues for the jury to resolve. The order of Supreme Court should be affirmed.

Carpinello, J., concurs. Ordered that the order is modified, on the law, with costs to defendant Donna Jakob, by reversing so much thereof as denied defendant Donna Jakob's motion for summary judgment dismissing the complaint against her; motion granted, summary judgment awarded to said defendant

and complaint dismissed against her; and, as so modified, affirmed.