■ TOWN OF LYSANDER, Respondent, v PAUL HAFNER, JR., et al., Appellants. [715 NYS2d 352] —Order and judgment unanimously affirmed without costs for reasons stated in decision at Supreme Court, Nicholson, J. (Appeal from Order and Judgment of Supreme Court, Onondaga County, Nicholson, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt, Balio and Lawton, JJ.

■ ELEANOR TUTTLE et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 84565.) [716 NYS2d 175] —Judgment unanimously affirmed with costs. Memorandum: Defendant appeals from a judgment apportioning 90% liability to defendant for injuries sustained by claimant Eleanor Tuttle when she tripped over a tree stump on a paved pathway while camping in a State park. We reject the contention of defendant that it owed no duty to claimants. "The State, as a landowner, has a duty to exercise reasonable care in the maintenance and control of its parks to prevent injury to foreseeable users of its facilities" (*O'Keeffe v State of New York*, 140 AD2d 998, 998-999, *appeal dismissed* 73 NY2d 756). "The path in question had been artificially constructed and the State was under a duty to see that it was constructed and maintained in a reasonably safe condition" (*Nichols v State of New York*, 286 App Div 281, 283; *see also, Loughran v City of New York*, 298 NY 320, 322). By allowing a three-inch tree stump to remain in the middle of the pathway, the State failed to maintain its paved pathway in a reasonably safe condition. We also decline to exercise our power to reapportion liability (*see, Saiia v State of New York*, 190 AD2d 1059). (Appeal from Judgment of Court of Claims, Midey, Jr., J.—Negligence.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt, Balio and Lawton, JJ.