(March 15, 2001)

■ CORINNE ROSEN et al., Respondents, v NEW YORK ZOOLOGICAL SOCIETY, Appellant. [722 NYS2d 31] —Order, Supreme Court, Bronx County (Yvonne Gonzalez, J.), entered October 24, 1999, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, defendant's motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

Plaintiff, a volunteer worker, should have been aware that she might have "sunk in and slipped" while attempting to negotiate the steep-sloped, muddy riverbank on foot, especially given the fact that defendant had fenced off the area and had refused to allow child volunteers into it. Plaintiff's contention that her injury was caused by a latent or concealed condition and that defendant thus breached its duty to take reasonable measures to neutralize that condition (*see, Walter v State of New York*, 185 AD2d 536, 538) is without merit. Such terrain is a natural geographical phenomenon that would foreseeably have soft or uneven spots and, therefore, would not engender such duty on the part of defendant (*see, Coote v Niagara Mohawk Power Corp.*, 234 AD2d 907, 909). Where the natural condition of the terrain is plainly and obviously dangerous, a defendant landowner owes no duty to warn of or to prevent

such danger (*see, Tarricone v State of New York*, 175 AD2d 308, 309, *lv denied* 78 NY2d 862; *Rolfe v Galt*, 102 AD2d 983, 984, *lv denied sub nom. Rolfe v Hollenbeck*, 63 NY2d 604; *Diven v Village of Hastings-On-Hudson*, 156 AD2d 538, 539). Concur—Sullivan, P. J., Nardelli, Williams, Tom and Friedman, JJ.