█ MARY A. GRGICH et al., Appellants, v CITY OF NEW YORK, Respondent. [770 NYS2d 91]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Blackburne, J.), dated June 10, 2002, which granted the defendant's motion for judgment as a matter of law at the close of the plaintiffs' case.

Ordered that the order is reversed, on the law, the motion is denied, and a new trial is granted with costs to abide the event.

The instant accident occurred when the plaintiff Mary Ann Grgich stepped into a tree well on a public sidewalk and tripped over a tree stump in the tree well. The trial court granted the defendant judgment as a matter of law on the ground that the condition complained of was open and obvious.

In *Cupo v Karfunkel* (2 AD3d 48, 52 [ 2003]), this Court held that where a plaintiff "has presented evidence that a dangerous condition exists on the property, the burden shifts to the landowner to demonstrate that he or she exercised reasonable care under the circumstances to remedy the condition and to make the property safe" and the question of whether the defect was open and obvious goes to the issue of comparative negligence. The defendant would only be entitled to judgment as a matter of law for an open and obvious condition if liability is predicated on a duty to warn or the condition was "not inherently danger-

ous as a matter of law." On this record, it cannot be said that the condition complained of was not inherently dangerous as a matter of law (*see Tuttle v State of New York* , 277 AD2d 1055 [2000]; *Garcia v City of New York,* 173 AD2d 175 [1991]). Further, the evidence in the record does not establish as a matter of law that the defendant's conduct was protected by qualified immunity (*see Cruz v City of New York,* 201 AD2d 606 [1994]). Ritter, J.P., Smith, Goldstein and H. Miller, JJ., concur.