CHRISTOPHER M. CRAMER, Appellant, v COUNTY OF ERIE, Respondent. [804 NYS2d 201]—

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered June 25, 2004. The order granted defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries that he sustained when he fell into a ravine in a park located on property owned by defendant county. Supreme Court properly granted defendant's motion for summary judg-

ment dismissing the complaint. Insofar as plaintiff alleges that defendant was negligent in failing to erect warning signs around the ravine, it is well established that there is no duty to warn of a hazard that is readily observable by the use of one's own senses (*see Duclos v County of Monroe*, 258 AD2d 925, 926 [1999]; *Tushaj v City of New York*, 258 AD2d 283, 284 [1999], *lv denied* 93 NY2d 818 [1999]; *Coote v Niagara Mohawk Power Corp.*, 234 AD2d 907, 909 [1996]; *Plate v City of Rochester*, 217 AD2d 984 [1995], *lv denied* 87 NY2d 801 [1995]), particularly where, as here, the ravine "is a natural geographical phenomenon, the danger of which is open and obvious rather than latent" (*Coote*, 234 AD2d at 909; *see Rosen v New York Zoological Socy.*, 281 AD2d 238, 238-239 [2001]; *Tushaj*, 258 AD2d at 284). Likewise without merit is plaintiff's allegation that defendant was negligent in failing to erect a fence or guardrail around the ravine in order to protect plaintiff from falling into it. "It is well settled that 'a landowner has no duty to erect barriers or fences in order to enclose natural geographical phenomena which do not in some way represent latent dangers or conditions, so as to prevent persons coming upon the land from injuring themselves by entering onto the condition in question' " (*Coote*, 234 AD2d at 908; *see Rosen*, 281 AD2d at 238-239; *Casela v City of Troy*, 161 AD2d 991 [1990]). Finally, we conclude that plaintiff's remaining allegations concerning defendant's negligence lack merit as a matter of law. Present—Green, J.P., Scudder, Kehoe, Martoche and Hayes, JJ.