■ KATHLEEN COMACK et al., Appellants, v VBK REALTY ASSOCIATES, LTD., et al., Respondents. [852 NYS2d 370]—

In an action to recover damages for personal injuries, etc., the

plaintiffs appeal (1) from so much of an order of the Supreme Court, Nassau County (Martin, J.), entered July 7, 2006, as granted the motion of the defendants VBK Realty Associates, Ltd., Fred Von Bargen, and "Mary" Kelly, and those branches of the separate cross motions of the defendants Peter Hausman and Ed Zelenski, which were for summary judgment dismissing the complaint insofar as asserted against each of them, and (2), as limited by their brief, from so much of an order of the same court dated November 27, 2006, as denied that branch of their motion which was for leave to renew, and upon, in effect, granting that branch of their motion which was for reargument, adhered to its original determination.

Ordered that the appeal from the order entered July 7, 2006 is dismissed, as that order was superseded by so much of the order dated November 27, 2006 as was made upon reargument; and it is further,

Ordered that the order dated November 27, 2006 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The infant plaintiff was injured when he rode his bicycle off a 10-foot cliff, into which a nonfunctioning well house was embedded. The plaintiff had been riding down a sloped road when he went over a speed bump, which caused him to lose control of the bicycle and veer off the road onto a grassy area. He then ran over a garden hose, which diverted the path of the bicycle toward the cliff, and rode over the flat, exposed top of the well house, landing on the beach below. In its original order, the Supreme Court granted summary judgment to the moving defendants. In an order dated November 27, 2006 the Supreme Court denied that branch of the plaintiffs' motion which was for leave to renew, and, upon, in effect, granting that branch of the plaintiffs' motion which was for reargument, adhered to its original determination dismissing the complaint insofar as asserted against the respondents. We affirm the order made upon reargument insofar as appealed from.

"To establish a prima facie case of negligence, a plaintiff must establish the existence of a duty owed by a defendant to the plaintiff, a breach of that duty, and that such breach was a proximate cause of injury to the plaintiff . . . [L]iability for a dangerous condition on property is generally predicated upon ownership, occupancy, control or special use of the property" (*Nappi v Incorporated Vil. of Lynbrook*, 19 AD3d 565, 566 [2005] [citations and internal quotation marks omitted]). The defendants Ed Zelenski and Peter Hausman established their prima

facie entitlement to summary judgment by showing that they did not owe the infant plaintiff a duty as they did not own, occupy, control, or make special use of the property upon which the infant plaintiff had his accident. The plaintiffs failed to raise a triable issue of fact in opposition.

The defendants VBK Realty Associates, Ltd., Fred Von Bargen, and "Mary" Kelly established their prima facie entitlement to summary judgment by demonstrating that the speed bump and the garden hose did not constitute dangerous or defective conditions (*see Conroy v Marmon Enters.*, 253 AD2d 839 [1998]; *Pilato v Diamond,* 209 AD2d 393 [1994]), and that they had no duty to erect a fence or barrier at the edge of the cliff (*see Cramer v County of Erie,* 23 AD3d 1145 [2005]; *Diven v Village of Hastings-On-Hudson,* 156 AD2d 538, 539 [1989]; *cf. Tulovic v Chase Manhattan Bank,* 309 AD2d 923 [2003]). The conclusory assertions of the plaintiffs' expert failed to raise a triable issue of fact in response (*see generally Shannon v Village of Rockville Ctr.,* 39 AD3d 528, 529 [2007]).

The plaintiffs' remaining contentions are without merit. Spolzino, J.P., Ritter, Covello and Dickerson, JJ., concur.