Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered on or about July 1, 2009, which, in an action for personal injuries sustained when the 13-year-old plaintiff fell off the ledge at the top of a waterfall in a park owned by defendant City, after a trial on the issue of liability, granted defendant’s motion to set aside the verdict and for judgment in its favor as a matter of law, unanimously affirmed, without costs.
The waterfall, a naturally occurring phenomenon within the grounds of Bronx River Park, was not open to the public. There was a four-foot high pipe rail fence blocking access to the waterfall, beyond which was a six-foot drop. There was testimony that the City had erected a second, 15-foot high chain link fence to block access to the waterfall but that the fence often had to be repaired because of “sneak holes” made by people accessing the waterfall. According to plaintiff, on the date of the accident, there was no chain link fence at the site, only the pipe rail fence. He testified that he went beyond the pipe rail fence and walked out onto the ledge of the waterfall, which he observed to be wet due to the splashing water. Plaintiff knelt down to watch the people in the waterfall, and when he tried to get up, he slipped and fell into the water.
The waterfall was an open and obvious, rather than latent, *443 natural feature of the landscape, and the wet, slippery condition of the ledge was also open and obvious. The danger of climbing out on the wet ledge of the waterfall was apparent and plaintiff could reasonably have anticipated it. Thus, the City had no duty to protect park visitors from the waterfall (see Rosen v New York Zoological Socy., 281 AD2d 238 [2001]; Tushaj v City of New York, 258 AD2d 283, 284 [1999], lv denied 93 NY2d 818 [1999]; Plate v City of Rochester, 217 AD2d 984 [1995], lv denied 87 NY2d 801 [1995]; Tarricone v State of New York, 175 AD2d 308 [1991], lv denied 78 NY2d 862 [1991]; Diven v Village of Hastings-On-Hudson, 156 AD2d 538 [1989]). Plaintiff cites this Court’s decision in Westbrook v WR Activities-Cabrera Mkts. (5 AD3d 69 [2004]), which involved a cardboard box that had been left in a supermarket aisle. In Westbrook, we noted that we were joining the other Departments in rejecting the open and obvious doctrine that had been applied in prior years, and concluded that the “open and obvious nature of a hazard merely negates the duty to warn of the hazard, not necessarily all duty to maintain premises in a reasonably safe condition” (id. at 73). Notably, however, post -Westbrook holdings in the other Departments have applied the open and obvious doctrine to natural geographic phenomena such as a whirlpool area in a state park where four camp counselors drowned (Cohen v State of New York, 50 AD3d 1234 [2008], lv denied 10 NY3d 713 [2008]); a ten-foot cliff over which an infant plaintiff rode his bike (Comack v VBK Realty Assoc., Ltd., 48 AD3d 611 [2008]); and a ravine in a county park into which plaintiff fell (Cramer v County of Erie, 23 AD3d 1145 [2005]). Concur—Gonzalez, P.J., Sweeny, Richter and Abdus-Salaam, JJ.